## MELIA vs. SIMMONS and another.

COUNTY COURT: JURISDICTION: ADVERSE POSSESSION: LIMITATION OF ACTIONS. *(1, 2) Administration of estate of living person wholly void. (3) When entry and possession not adverse.*

1. The only jurisdiction which the county court has in respect to the administration of estates, is over those of *dead* persons.
2. Proceedings in administering, settling and assigning the estate of a person who, though represented to have deceased, was and still is alive, are absolutely void for all purposes; and an entry and continuous occupation for ten years under claim of title exclusive of any other right, founded upon the judgment of the county court in such a case, would not bar an action to recover the land.
3. Where land was assigned by the final judgment of a county court in administration proceedings, to defendant's grantor, but he had entered into possession more than a year before any step was taken in administration, claiming by descent, and continued in possession for some years after the judgment, such possession cannot be considered as an adverse possession under sec. 6, ch. 138, R. S. 1858, not having been entered into *under claim of title founded on the judgment.*

APPEAL from the Circuit Court for *Dodge* County.

Ejectment, by *Peter Melia* against *Bryan Melia* and *John H. Simmons.* Both defendants answered a general denial; and *Simmons* also set up the ten-year statute of limitations.

It appeared by stipulation, that plaintiff acquired title to the land in 1851, and entered into possession; that on the 12th of April, 1876, *Simmons*, without plaintiff's knowledge or consent, entered upon and took exclusive possession of the land, which he retained when the action was commenced; that on said 12th of April, 1876, he leased the premises to *Bryan Melia*, who was in possession thereafter as *Simmons'* tenant; and that on May 23, 1876, plaintiff demanded possession, which was refused. Plaintiff also made proof of the value of the use of the premises, and rested.

Defendants' evidence (received against objection) showed the following facts: In September, 1864, *Bryan Melia* filed a petition in the probate court of Dodge county, representing that

*Peter Melia* had died at Paris, Ill., intestate, leaving no issue, widow, father or mother; that the petitioner was the only surviving brother and sole heir of said *Peter;* and that the latter left personal estate in said county, and real estate of the value of $1,000, and left no debts; and the petitioner prayed that letters of administration be granted him on the estate of said *Peter*, and that appraisers be appointed, etc. Proceedings in the usual form were thereupon had in said county court, and letters of administration, in the usual form and with the usual recitals, were issued to *Bryan Melia*, his bond being approved; and appraisers were appointed, who took the usual oath, and their inventory shows, as the only property belonging to the estate of said *Peter Melia* in said county, the land here in question. Afterwards, on the petition of *Bryan Melia*, filed October 31, 1864, in said probate court in the matter of said estate, representing that he had fully administered the same, and paid all debts, etc., such proceedings were had, in the usual form, that on the 21st of November, 1864, the county court rendered a judgment allowing the administrator's final accounts, discharging him from further liability in that character, and assigning to him, as sole heir-at-law of *Peter Melia*, the land here in dispute. *Bryan Melia* entered into possession of said land in May, 1863, and continued in possession thereof until *Simmons* acquired the possession. In February, 1872, *Bryan Melia* and wife mortgaged the premises to one Palmeter; the mortgage was foreclosed, and the land sold at the foreclosure sale to Palmeter, whose deed from the sheriff was dated and recorded January 11, 1876; and Palmeter conveyed the land by warranty deed to *Simmons*, who went into possession, and leased the land to *Bryan Melia*, in April, 1876, as above stated. It appears that, during the time in which the land was so possessed by defendants, it was enclosed, cultivated and improved.

The court found that plaintiff was the owner and entitled to possession of the premises, and assessed his damages; and, from a judgment pursuant to such finding, defendants appealed.

The cause was submitted for the appellants on separate

briefs of *E. C. Lewis* and *H. Barber, Jr.* The latter contended, 1. That the determination of the county court assigning the land to *Bryan Melia* was a *judgment*, within the meaning of sec. 6, ch. 138, R. S. 1858. *Bresee v. Stiles*, 22 Wis., 120; *Ruth v. Oberbrunner*, 40 id., 238. 2. That a "competent court," within the meaning of the statute, is not a court which had jurisdiction in fact in the particular case, but one which had power to render judgment in the class or kind of cases in which it assumed to act; that any other view of the statute would render it useless, since the judgment of a court having actual jurisdiction would not need the aid of such a statute; and that the case is in principle precisely like that of a sale of A.'s land under an execution against B., where the sheriff's deed creates color of title, which may ripen under the statute into a perfect title as against A. Tyler on Ejectment, 862. *Mr. Lewis* further contended that the possession of *Bryan Melia* from the date of his letters of administration to that of the final judgment of the county court, was presumptively held, under the statute, *in his representative capacity* (R. S. 1858, ch. 100, sec. 7); and that, if otherwise, still his possession became adverse from the moment when he acquired what he considered a good title under the judgment. *Jackson v. Thomas*, 16 Johns., 293–300; *Jackson v. Frost*, 5 Cow., 350, 351; *Zellers v. Eckert*, 4 How., U. S., 295–6.

For the respondent, a brief was filed by *Hall & Skinner*, and the cause was argued orally by *Mr. Hall*. They contended, 1. That a "competent court," in the sense of the statute, is one having jurisdiction of the subject matter, and capable of acquiring jurisdiction of the person; and that the probate court has no jurisdiction over the estate of a person still living. Tay. Stats., 1310, §§ 5, 6; *Jochumsen v. Suffolk Savings Bank*, 3 Allen, 87; *Griffith v. Frazier*, 8 Cranch, 9; *Allen v. Dundas*, 3 Term, 125. 2. That the order or judgment of the probate court here set up is not such a judgment as the statute contemplates; that that court is not competent, by such an order, to vest any new title varying the laws of descent (*Gillett v. Treganza*, 13 Wis., 472); that the order in

Melia vs. Simmons and another.

question does not assume to vest any title in *Bryan Melia*, but assumes that the title was already in him by descent; and that he did not in fact enter into possession under claim of title founded upon such order, but had already entered as heir.

ORTON, J. The proceedings of administration, settlement and assignment of the estate of the respondent, represented to have been dead, when he was and is still alive, are absolutely null and void for all purposes whatsoever.

The defense set up by virtue of sec. 6, ch. 117, R. S. 1858, that the said *Simmons* and his grantor had been in the continual occupation and possession of the premises in question for ten years, and that such grantor entered into such possession under claim of title exclusive of any other right, and founding such claim upon the judgment of some *competent court*, is not available in this case.

Whether the words "competent court," in this section, mean a court having jurisdiction of such a *class* of cases, as contended by the learned counsel of the appellant, or one having jurisdiction of this *particular* case, as contended by the learned counsel of the respondent, seems to be quite immaterial; for the county court of Dodge county, or any other court, had no jurisdiction in this particular case, or in such a class of cases. There is no *class* of cases which embraces the administration of the estates of living persons, as if they were dead. The proceedings are void *ab initio* and throughout. If this case falls within any class of cases, it is a class in which no court has any right to deliberate, or render any judgment, and in which every conceivable act is an absolute nullity. · The only jurisdiction the county court has, in respect to the administration of estates, is over the estates of *dead* persons.

It would seem that the bare statement of such a proposition is enough, without citing authorities; but if any are necessary, those cited by the learned counsel of the respondent are amply sufficient. *Jochumsen v. Suffolk Savings Bank*, 3 Allen, 87; *Wales v. Willard*, 2 Mass., 120; *Smith v. Rice*,

11 id., 507; *Griffith v. Frazier*, 8 Cranch, 9; *Allen v. Dundas*, 3 Term, 125.

In this case, the evidence shows that the grantor of the appellant *Simmons* did not enter into the possession of the premises, under a claim of title founded upon the judgment of the county court upon final settlement of the estate, but that he entered into such possession more than a year before he took the first step in the administration, probably claiming by descent; and therefore such possession cannot be adverse under the statute, as an entry under such judgment. *Quinn v. Quinn*, 27 Wis., 168.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.