Wisconsin Trust Co. vs. Wisconsin Marine & Fire Ins. Co. Bank.

to the effect that the extra $100 should be paid in consideration of the agreement to rebuild the barn, and that it was paid the first year on the faith of such agreement, and, as a matter of convenience, in monthly instalments, with the rent-charge for the property in its unimproved condition. The jury took that view, and the trial court as well. We are unable to say, it clearly appears that such view is contrary to every reasonable inference that can be drawn from the evidence, hence it must stand as a verity in the case. *Powell v. Ashland I. & S. Co.* 98 Wis. 35; *Dewey v. C., M. & St. P. R. Co.* 99 Wis. 456.

The result of the foregoing is that defendant was entitled to recover damages suffered by him during the time he occupied the property under the breached agreement to rebuild the barn, that is, for the year 1892. The sum of $100 was paid upon the agreement to make the improvement. The consideration for such agreement wholly failed. Damages at least equal to the amount of the excess payment were suffered by defendant. The damages were so limited by the trial court. The record appears to be free from error on both appeals.

*By the Court.*— The judgment of the superior court is affirmed on both appeals.

<hr />

Wisconsin Trust Company, Respondent, vs. Wisconsin Marine & Fire Insurance Company Bank, Appellant.

*January 10 — February 2, 1900.*

*Estates of decedents: Administration: Presumption as to death: Evidence: Jurisdiction.*

1. Where seven years have elapsed since a person, alleged to be dead, was last seen, the presumption of law is that he is dead, but there is no presumption either of life or death during that period, and

the question as to when such presumed death occurred is to be determined from all the facts and circumstances in the case.

2. The county courts have complete and ample jurisdiction in matters of this kind, and when application is made for administration of the estate of one who is alleged to be dead, it becomes the duty of the county judge to determine the *fact* of death.

3. A petition for administration on the estate of L.,— alleging that he was last seen on a train in Colorado, on a day antedating the date of the petition by less than seven years, acting queerly and wanting to be put in an asylum to escape his enemies and officers he fancied were in pursuit of him; that he left the train before it arrived at his destination, leaving his baggage; that strict search was made for him, including sending out printed notices of his disappearance, with his photograph attached, offering a substantial reward for information as to his whereabouts; and that inquiries were made in all insane asylums in the west; and also alleging that he had not been heard from for seven years, and that petitioner believed him dead,— is *held* to have presented a *prima facie* case of death, and to have given the court colorable right to proceed.

4. Allegations in the petition that L. had not been heard from for the space of seven years, and that he was believed to be dead, being inconsistent with the statement that L. had been seen within that period, the court was called upon to determine which of the inconsistent statements was true, and its determination thereon was sufficient as to the fact that it had jurisdiction.

5. Notwithstanding the question of death may have been determined by the county court, the fact that the supposed decedent is alive could be shown in an action by the administrator to recover assets of the estate, and such showing would establish the nullity of the entire proceeding.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Prior to April, 1891, one Julius Luebke was a resident of the city of Milwaukee, in this state. On January 3, 1891, he deposited in the defendant bank $38,000, taking therefor three certificates of deposit of $10,000 each, and the fourth for $8,000; each bearing interest at four per cent. if left three months; to stop at the end of six months, if not renewed. His business was that of a commercial traveler

selling hardware. He left Milwaukee some time in April, 1891. He was unmarried. His only heirs were the children of a deceased brother. He not having returned, and nothing having been heard from him, on April 23, 1898, Emma J. Luebke, one of his heirs, presented a petition to the county judge of Milwaukee county, setting out his residence, his disappearance, and other facts, and asked that letters of administration on his estate be issued to the plaintiff. The allegations of the petition upon which the contest in this case has arisen are as follows: "Your petitioner further shows that on or about the month of April, 1891, said Julius Luebke left the city of Milwaukee, as was his custom, he being engaged as a traveling agent in the selling of hardware, and was last seen in Leadville, Colorado, on Wednesday, April 29, 1891, when he acted queerly, wanted to be placed in an asylum to escape his enemies; also fancied that officers were in pursuit of him. Two hand satchels identified as belonging to him were found in the D. & R. G. train on its arrival at Ogden, Utah. It is thought he must have left the train at some station between Leadville and Ogden. Your petitioner further shows that she has caused search of the most exacting nature to be made for said Julius Luebke, such as causing a notice to be given to the police department of the city of Milwaukee, which department did issue a printed circular offering a reward of $100 for any information that would lead to ascertaining his whereabouts, attached thereto was a photograph of said Julius Luebke, and said circular was thoroughly circulated through that part of the country where said Julius Luebke was last seen; and communication has been had with all of the asylums for the treatment of the insane of which your petitioner could learn in the West, all to no purpose. And from the above facts, and the communications had by your petitioner with the persons who last saw said Julius Luebke, your petitioner believes that no one has seen him alive for more

than seven years last past; that he has been absent from said state of Wisconsin, and that nothing has been heard from said Julius Luebke, for the space of seven years; and your petitioner believes the said Julius Luebke to be dead."

On the same day the county court made the usual order of publication, and thereafter such proceedings were had that on the 8th day of June, 1898, letters of administration were duly issued to the plaintiff. Thereafter the plaintiff brought this action to recover from defendant the amount of said several certificates of deposit. The defendant answered, admitting the deposits, but denied that the plaintiff was ever appointed administrator of Luebke's estate, and alleged that at the time of such appointment Luebke was alive, and that the county court had no power or jurisdiction to entertain said proceedings. A jury was waived, and on the trial the facts above stated were developed. The court found the facts in favor of the plaintiff, and from a judgment entered on the findings the defendant brings this appeal.

For the appellant there was a brief by *Fish, Cary, Upham & Black,* and oral argument by *A. L. Cary.* To the point that the jurisdiction of the county court could be attacked collaterally, they cited *Roderigas v. East River S. Inst.* 76 N. Y. 316, 320; *Griffith v. Frazier,* 8 Cranch, 9, 23; *Melia v. Simmons,* 45 Wis. 334; *Hubbard v. C. & N. W. R. Co.* 104 Wis. 160.

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *Geo. H. Noyes.*

BARDEEN, J. The only question for determination on this appeal is whether the plaintiff was legally appointed administrator of the estate of said Luebke. The application for administration was made April 23, 1898. The defendant insists that, inasmuch as it is alleged in the petition that Luebke was last seen at Leadville, Colorado, on April 29, 1891, and the application for administration was made April

23, 1898, the full period of seven years had not elapsed from the time that Luebke was last seen alive and the date of the application, and hence the administration proceedings were presumably commenced while he was alive. The difficulty with this contention is that it assumes that the presumption is that Luebke was alive during the entire period of seven years from the time he was last seen. The presumption of law is that at the expiration of seven years he is dead, but there is no presumption, either of life or death, during that period. Such was the holding in *Whiteley v. Equitable L. A. Soc.* 72 Wis. 170, and that rule is supported by the weight of authority. 1 Jones, Ev. § 58. The question when such presumed death occurred is to be determined from all the facts and circumstances in the case. The county court has complete and ample jurisdiction in matters of this kind. When application was made for administration upon Luebke's estate, it became the duty of the judge to determine the *fact* of Luebke's death. Without such determination, he had no authority to proceed. A representation, such as is contained in one allegation of the petition, that Luebke had last been seen at a period within seven years, standing by itself, with no qualifying circumstances, would not sustain jurisdiction. But there were other facts set out in the petition which it was proper for the court to consider. Luebke was last seen at Leadville. He was acting queerly. He wanted to be put in an asylum to escape his enemies. He fancied that officers were in pursuit of him. He left the train somewhere between Leadville, in Colorado, and Ogden, in Utah, leaving his baggage. Strict search was made for him. Printed notices of his disappearance, offering a reward for information as to his whereabouts, were sent out. Photographs of the missing man were also sent out with such notices, and freely circulated in the section of the country where he was last seen. Inquiries were made at all the asylums for treatment of the insane in the West, and yet no word was received from him, and he has not returned. The petition further

stated that he had been absent from the state, "and that nothing whatever had been heard from said Julius Luebke, for the space of seven years." In view of these circumstances there was ample to warrant the court in the determination arrived at. These facts, with nothing to control the inferences naturally to be drawn from them, presented at least a *prima facie* case of death, even within the seven years. The presumption of death, of course, was not conclusive, but was sufficient to sustain the conclusion of the county judge, and gave him a colorable right to proceed. If we were to exclude from consideration the facts noted, it is by no means certain that the defendant's contention could then be sustained. The concluding allegations of the petition quoted would probably have been sufficient to sustain jurisdiction. They are inconsistent with the statement that Luebke had been seen at the time stated, and the court was called upon to determine which of the inconsistent statements was true. The finding of the court being, as we think, sufficient as to the fact that he had jurisdiction, no good reason is perceived why such conclusion should not be sustained. But when we come to consider the other facts stated, all doubts in this case are removed, and we have no hesitancy in sustaining the ruling of the court below in awarding judgment for plaintiff.

Notwithstanding the question of death may have been determined by the probate court, the fact that the supposed decedent is alive could have been shown. Such showing would have established the nullity of the entire proceeding. *Melia v. Simmons*, 45 Wis. 334; Brown, Jurisdiction, § 124. But no such showing was made by defendant. Its defense is based entirely upon alleged imperfections in the probate proceedings, which, as we have seen, has no substantial ground to rest upon.

*By the Court.*— The judgment of the circuit court is affirmed.