CHRIST, Respondent, vs. DAVIDSON, Appellant.

*January 17—February 3, 1903.*

*Actions: Voluntary appearance: Default: Judgment of another state:*
*Collateral attack: Scope of pleading.*

1. Where there is no question as to the jurisdiction of the subject matter by the court in Ohio where a judgment was rendered against defendant, in an action thereon in Wisconsin, a finding that defendant voluntarily appeared in the prior action is supported by a writing, being part of the records of the foreign action, signed by defendant, declaring his appearance, and sent to plaintiff's attorney for the obvious purpose of being filed.

2. In an action on a foreign judgment it appeared, among other things, that one count in the petition filed therein set out the execution of a note and mortgage by defendant to a third party, and their transfer by an indorsee to plaintiff as collateral for a sum less than the face of the note. Judgment was demanded for the face of the note, which prayer was reiterated at the close of the petition, with the further prayer that the proceeds of the mortgaged property be paid to plaintiff, to the extent of his claim, and the balance to plaintiff's assignor. Defendant entered an appearance in writing, after which plaintiff's assignor appeared as defendant, adopting the petition throughout as his answer, "and the prayer thereof." Judgment of foreclosure and sale was taken on default, followed by sale, distribution of the proceeds by order of the court, and personal judgment in favor of plaintiff's assignor and against defendant for the deficiency. *Held*, that the petition contemplated a personal judgment against defendant, and that the judgment rendered, and on which action was brought in Wisconsin, was entirely responsive to the prayer and nowise exceeded the relief which defendant must have known was demanded, had he concerned himself to examine the petition filed in the action in which he voluntarily appeared.

3. In such case, there being no lack of jurisdiction, either of the subject matter or of the person, the validity of the foreign judgment was not open to attack.

APPEAL from a judgment of the circuit court for Trempealeau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action to recover upon a judgment in favor of the plaintiff and against the defendant, rendered by the court of common pleas of Lawrence county, Ohio,—a court of general jurisdiction. The record of the action in that court disclosed a petition by the Blackford County Bank, as plaintiff, against *Arch P. Davidson* and Laura A. Davidson, as defendants, which alleged that said defendants executed their note for $2,000, payable to the order of Mattie Crist, which, before judgment, and for value, had been duly indorsed and transferred to *William F. Christ,* and by him, in due course of trade, for consideration of $600, duly assigned and indorsed to the plaintiff bank as collateral security for said sum. The petition also set up the execution of a mortgage to secure said note; and the plaintiff prayed judgment against the defendant *Arch P. Davidson,* for the amount of said note; also for the foreclosure of the mortgage, and sale of the mortgaged premises, and for payment to it of $600, and of balance to *William F. Christ.* When about to commence this action, the plaintiff's attorney wrote the defendants of the fact of the commencement of an action to foreclose that mortgage, and sent them, for signature, what he called a "waiver," in order to avoid expense of giving notice by publication. The defendants signed and sent to him a paper in the following words: "We, and each of us, do hereby waive the issuing and service of summons in this action, and also service by publication, and voluntarily enter our appearance herein,"— which paper was filed in the court of common pleas, and upon which that court recited in its judgment that such defendants had voluntarily entered their appearance. After the commencement of the action, and before judgment, the respondent *William F. Christ* appeared as a defendant to the foreclosure action, and filed answer in which he declares that he "adopts as his answer in this action each, every, and all the allegations of plaintiff's petition, and the prayer thereof." Judgment was entered by that court for the recovery of the

whole amount of the note in favor of *Christ,* and for fore-closure and sale of the mortgaged premises, and the appli-cation of the proceeds upon the judgment; the first $600 thereof to be paid to the plaintiff bank. Sale was had at the amount of $1,000, and was distributed, by order of the court, for the payment of costs and taxes, and all the indebtedness of *Christ,* to the bank, and the balance of the judgment as-certained, of $1,410.75, for which execution was awarded against said *Arch P. Davidson.* The trial court found sub-stantially these facts, and that the defendant voluntarily en-tered his appearance in writing in said court of common pleas, whereby jurisdiction over his person was conferred upon the court of common pleas, and rendered judgment in favor of the plaintiff and against the defendant for said balance of $1,410.75, ascertained by that court, together with interest thenceforward, from which judgment defendant ap-peals.

*C. W. Gilman,* for the appellant.

For the respondent there was a brief by *Richmond & Rich-mond* and *Higbee & Bunge,* and oral argument by *E. C. Hig-bee.*

DODGE, J. The facts of the present case leave but little room for dispute upon legal propositions. The only questions open upon attempted collateral attack upon any judgment are whether the court, in its rendition, had jurisdiction of the subject-matter and of the attacking party. No question is raised upon the jurisdiction of the court of common pleas of Ohio generally over actions to recover upon promissory notes, and to foreclose any mortgage securing the same. Jurisdic-tion of defendant's person depends in this case on the fact that he voluntarily appeared in the action. Such fact has been found by the circuit court, and the finding has support from a writing signed by him, declaring such appearance, sent to plaintiff's attorney, at his request, for the obvious pur-

pose of being filed. Some attempt is made to assert that this paper was fraudulently obtained. Such contention is negatived by the finding of the trial court, against which we certainly find no clear preponderance of evidence. This would seem to settle the matter, but appellant argues that the jurisdiction over his person thus conferred was only for the purposes of the action pending, as measured by plaintiff's pleading called the "Petition," which he asserts did not contemplate any personal judgment, and especially none in favor of the present plaintiff, *Christ*. It might be interesting to examine how far construction of pleadings, and adjustment of relief thereto, is within the jurisdiction of a court upon default, and whether a mistake therein is mere matter of error, examinable only on direct attack, or a wandering outside of jurisdiction, so as to be reviewable collaterally; but in this case we find nothing of either. The petition set forth the indebtedness on the note payable to *William F. Christ,* and belonging to him, except for the interest of $600 therein belonging to the plaintiff bank, and, upon the first cause of action, prayed judgment for the amount alleged to be due thereon, which prayer was reiterated at the close of the petition, with further prayer that the proceeds of foreclosure sale be applied, $600 and interest thereon to the plaintiff bank, and the remainder to *Christ*. Thus the petition clearly contains a prayer for personal judgment against this appellant, and in such form as to protect the rights alleged. Those rights are recovery by *Christ* of the whole debt, except as $600 and interest must be awarded the plaintiff bank. Such is the judgment rendered, and now sued on. It is entirely responsive to the prayer, and in no wise exceeds the relief which appellant must have known was demanded, had he concerned himself to examine the petition filed in the action to which he voluntarily appeared. No lack of jurisdiction, whether of the subject-matter or of the person of the defendant, appearing, the validity of the judgment sued on cannot

be attacked otherwise in this action, and such record establishes appellant's indebtedness and fully supports the judgment now appealed from, which, therefore, is correct.

*By the Court.*—Judgment affirmed.