JORDAN, Administrator, Respondent, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

*September 13—October 3, 1905.*

*Executors and administrators: Public administrators: Petition: Notice: County courts: Jurisdiction: Judgments: Collateral attack: Master and servant: Negligence: Cause of action: Evidence.*

1. Under sec. 3819, Stats. 1898 (declaring that "when any person shall die intestate, leaving property in this state, but leaving no widow, surviving husband or next of kin, known to the

county court, living therein, . . . the county court having jurisdiction of such estate . . . shall, upon its own motion or upon the application of the public administrator, if such court shall deem necessary, grant administration of such estate . . . to the public administrator, and it shall thereupon be lawful for the public administrator to take possession of the property and effects of the intestate, . . . and protect and preserve the same and to proceed with the administration of such estate and with the care and management of the estate, . . . until administration . . . thereon shall, upon proper application of some person entitled to apply therefor, be granted to some other person. If such intestate . . . be a nonresident, administration· . . . of his state shall be granted to the public administrator of the county where the property may be found"), the county court having jurisdiction of such an estate may grant administration thereof to the public administrator without notice.

2. Where a petition for the administration of an intestate estate is filed, the county court has jurisdiction to determine whether the deceased left any property in the state of Wisconsin, and having such jurisdiction of the subject matter, and the proceedings being *in rem*, its determination thereon cannot be treated as a nullity, nor is it, even if erroneous, open to collateral attack.

3. In an action to recover for the negligent killing of an employee, on an issue as to whether the decedent left property in the state of Wisconsin, and an estate within the jurisdiction of the county court appointing the public administrator of its county as administrator, the evidence, stated in the opinion, is *held* to support a finding of the necessary jurisdictional facts.

4. DODGE, J., concurring upon the ground that the evidence showed that the decedent had property within the jurisdiction of the county court, dissents from the doctrine that the appointment of an administrator by the county court concludes all collateral inquiry as to whether it had jurisdiction so to do, being of the· opinion that the question whether there existed in Wisconsin any property of the decedent was open to denial by the defendant and to trial in the instant action.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

It is conceded that the plaintiff's intestate was killed in the county of Kenosha, January 23, 1904, while in the employ of the defendant as a section laborer. January 26, 1904, the plaintiff filed his verified petition in the county court of

that county, wherein he represented, in effect, that he was the public administrator of that county; that the deceased died in the town of Pleasant Prairie, in that county, January 23, 1904, intestate; that he died possessed of certain personal property not exceeding $5,000, consisting of a claim for damages against the defendant for negligently causing his death and for wages due him from the defendant for work and labor performed by him for the defendant, and debts due and unpaid to an amount unknown to the petitioner; that the deceased had left, him surviving, a widow and three children, whose Christian names and ages were unknown to the petitioner, and who were then in Italy or on their way to the United States; that, except as above stated, no person under twenty-one years of age or otherwise incapable of prosecuting or defending such action had any interest in the subject matter therein or any rights in respect thereto which might be affected by the order entered thereon; that at the time of his death the deceased was an inhabitant of Kenosha county; and the petition prayed that letters of administration be issued to the plaintiff or some other suitable person. Upon such petition the Kenosha county court, on February 2, 1904, issued letters of administration to the plaintiff, reciting therein, in effect, that the deceased, late of Lake county, Illinois, died intestate while living in Kenosha county, and having at the time of his death goods, chattels, credits, and estate in Kenosha county, by means whereof the granting of administration of all and singular the goods, chattels, credits, and estate, and also the auditing, allowing, and final discharging of the accounts of the deceased, belonged to said court; and therefore the county court granted to the plaintiff, in effect, full power to administer and faithfully dispose of all and singular the goods, chattels, and estate of the deceased; to ask, demand, recover, and receive the debts which were due unto the deceased while living and at the time of his death properly belonging to him; to pay the debts of the deceased

so far as there was property to do so; to make or cause to be made a full, true, and perfect inventory of all and singular the goods, chattels, credits, and estate of the deceased which had or should come to his possession or knowledge on or before May 2, 1904; and also to render a just and true account of such administration at or before the expiration of one year from February 2, 1904, and to obey all orders and decrees of the court, and also render a just and true account of such administration when thereunto lawfully required. February 20, 1904, the plaintiff, as such administrator, commenced this action and alleged in the complaint, in effect, that such killing was solely by reason of the wrongful act, default, negligence, and carelessness of the defendant; that the defendant was liable in damages therefor to the plaintiff as such representative; that the amount recovered be paid over to the widow and children of the deceased; that the deceased was a resident of Lake county, Illinois, but was injured and died in Kenosha county, leaving a widow and three infant children and property and an estate to be administered therein, but leaving no widow or next of kin residing therein; that immediately upon such death the plaintiff as such public administrator became the only personal representative of the deceased; that January 26, 1904, he filed his petition for his appointment as such administrator and was appointed as stated; that, soon after, the defendant's claim agent offered the plaintiff $3,000 in compromise and settlement of said claim and cause of action and the plaintiff accepted the same, and thereby the cause of action was settled and compromised; that the plaintiff then presented to the defendant proper releases and discharge of the defendant from all further liability, but that the defendant did not pay the same, as its attorney expressed doubt of his authority to make such settlement; and prayed judgment for $3,000 and interest from February 2, 1904. March 2, 1904, the defendant answered in abatement of the action, by way of admissions, denials, and

·counter allegations to the effect that the deceased at the time of his death was a nonresident of Wisconsin and not a citizen of the United States; that the widow and children were resi-·dents and citizens of Italy and nonresident aliens; that the deceased left no estate to be administered in Wisconsin and no property or estate in Kenosha county; that no sufficient petition or application for administration had been made to the Kenosha county court; that no notice of the time or place of hearing, as required by sec. 3808, Stats. 1898, had been given; that the Kenosha county court had no jurisdiction to make ·such appointment, or any appointment, over the estate of the ·deceased, or to grant such letters of administration; and that all the proceedings of that court were null and void. The de-·fendant further answered in bar of the action, by way of admissions, denials, and counter allegations to the effect that the deceased was instantly killed while in the employ of the de-·fendant as a section laborer; that he left, him surviving, his widow and children, who were residents and citizens of Italy and nonresident aliens.

The cause having come on for trial May 2, 1904, it was ·stipulated by and between the parties in open court, in effect, that a trial by jury be waived and the cause heard by the court; that, if the court should adjudge that the plaintiff was lawfully appointed administrator of the estate of the deceased and had the legal right to bring the action, judgment might thereupon be entered in favor of the plaintiff and against the ·defendant for $3,000, the defendant reserving the right to appeal from the judgment of the court, so far as the same related to the legality of the appointment of the plaintiff as such administrator; that the record of such appointment might be ·considered in evidence; and that the deceased was killed in Kenosha county, January 23, 1904, while in the defendant's employ as a section laborer, by being struck by a locomotive operated by the defendant. At the close of the trial the court made findings of fact to the effect that all the material allega-

tions of the complaint were true; that the plaintiff was and is the administrator of the estate of the deceased and the personal representative thereof, and as such had the legal capacity to commence this action; that the appointment of the plaintiff as such administrator and the granting to him of letters of administration were and are valid, regular, and proper; that, the court having so found and decided, judgment should, pursuant to the stipulation, be given and entered in favor of the plaintiff for $3,000, together with costs of the action; that the deceased left property and an estate within Kenosha county to be administered therein; that the allegation of the answer that the deceased died instantly was not proven. And as conclusions of law the court found, in effect, that the plaintiff was entitled to a judgment against the defendant for $3,000, together with the costs of the action, and ordered judgment to be entered accordingly. From the judgment so entered the defendant appeals.

*Edward M. Hyzer,* for the appellant.

For the respondent there was a brief by *B. J. Wellman* and *R. V. Baker,* attorneys, and *Norman L. Baker,* of counsel, and oral argument by *Mr. Wellman* and *Mr. Norman L. Baker.*

CASSODAY, C. J.   Under the stipulation entered into on the trial, the only question here for consideration is whether the plaintiff was lawfully appointed administrator of the estate of the deceased and had the legal right to bring this action. There is no claim that the plaintiff should have been appointed such administrator by reason of being one of the persons referred to in sec. 3807, Stats. 1898, nor that the notice prescribed in sec. 3808 of the Statutes was ever given. The plaintiff claims, and the trial court in effect found, that the appointment was properly and regularly made by the county court upon a sufficient petition under sec. 3819, Stats. 1898. Omitting words not applicable here, that section declares that:

"When any person shall die intestate, leaving property in this state, but leaving no widow, surviving husband or next

of kin, known to the county court, living therein, . . . the county court having jurisdiction of such estate . . . shall, upon its own motion or upon the application of the public administrator, if such court shall deem necessary, grant administration of such estate . . . to the public administrator, and it shall thereupon be lawful for the public administrator to take possession of the property and effects of the intestate, . . . and protect and preserve the same and to proceed with the administration of such estate and with the care and management of the estate, . . . until administration . . . thereon shall, upon proper application of some person entitled to apply therefor, be granted to some other person. If such intestate . . . be a nonresident, administration . . . of his estate shall be granted to the public administrator of the county where the property may be found."

And then, after providing for the revocation of the appointment of such public administrator, the section provides that "such estates shall be administered by the public administrator in the same manner as other estates, except as otherwise provided herein." Sec. 3819, Stats. 1898. As held by this court, this section "obviously provides merely for a temporary situation, and authorizes appointment of the public administrator only until those having lawful right under sec. 3807 shall make proper application." *Welsh v. Manwaring,* 120 Wis. 377, 379, 380, 98 N. W. 214. As indicated, "the county court having jurisdiction of such estate" may, "upon its own motion or upon the application of the public administrator, . . . grant administration of such estate . . . to the public administrator." Of course, such appointment may properly be made without notice.

The contention is that the county court had no jurisdiction to make such appointment, because the intestate did not die "leaving property in this state." In other words, it is claimed that it appears from the evidence taken that the intestate left no real estate in Wisconsin, and that, in the absence of an estate therein, the county court had no jurisdiction to make the appointment. The records of such appointment by the county court are in evidence; but there is no indication

that such appointment was ever set aside by the county court or any appeal taken therefrom to the circuit court. But counsel for the defendant contends that the authority of the county court to make such appointment is open to collateral attack for want of jurisdiction by reason of the absence of any estate in Wisconsin left by the intestate. In support of such contention counsel cite the decisions of this court holding that "the only jurisdiction which the county court has in respect to the administration of estates is over those of dead persons." *Melia v. Simmons,* 45 Wis. 334, 30 Am. Rep. 746; *Wis. T. Co. v. Wis. M. & F. Ins. Co. Bank,* 105 Wis. 464, 81 N. W. 642. See, also, *D'Arusment v. Jones,* 4 Lea, 251, 40 Am. Rep. 12; *Thomas v. People,* 107 Ill. 517, 47 Am. Rep. 458; *Scott v. McNeal,* 154 U. S. 34, 14 Sup. Ct. 1108; *Cunnius v. Reading School Dist.* 198 U. S. 458, 25 Sup. Ct. 721. The distinction between such a case and the one at bar is pointed out by MARSHALL, C. J., in an early case, and expressly sanctioned by some of the cases above cited. *Griffith v. Frazier,* 8 Cranch, 9, 23. It is there said:

"In the common case of intestacy it is clear that letters of administration must be granted to some person by the ordinary [having the power of our county court], and, though they should be granted to one not entitled by law, still the act is binding until annulled by the competent authority, because he had power to grant letters of administration in the case. But suppose administration to be granted on the estate of a person not really dead. The act, all will admit, is totally void. . . . The case, in truth, was not one within his jurisdiction. It was not one in which he had a right to deliberate. It was not committed to him by the law. And although one of the points occurs in all cases proper for his tribunal, yet that point cannot bring the subject within his jurisdiction."

This court, following the highest courts of England, has held, on direct appeal from the county court, that an order or judgment of a Louisiana court appointing an administrator of the estate of a deceased person, though based on a petition

alleging that the deceased died while a resident of that state leaving property therein, was not conclusive as to the domicile of the deceased and did not preclude a court of this state from taking jurisdiction of proceedings to probate the will of the deceased and administer so much of his estate as was actually located in Wisconsin. *Frame v. Thormann,* 102 Wis. 653, 667–671, 79 N. W. 39, affirmed 176 U. S. 350, 356, 20 Sup. Ct. 446; *De Mora v. Concha,* 29 Ch. Div. 268, affirmed L. R. 11 App. Cas. 541. See, also, *Overby v. Gordon,* 177 U. S. 214, 223, 224, 20 Sup. Ct. 603. Of course, it frequently occurs that an intestate person leaves property located in different states. Where that is the case there can be no doubt that the appropriate court of each state where such property is located may, upon proper proceedings being had, grant letters of administration of so much of the estate as is therein located.

The question here presented is whether the appointment of the plaintiff as administrator by the county court is open to collateral attack. The county court, upon petition filed, certainly had jurisdiction to determine whether the deceased left any property in the state of Wisconsin. Having such jurisdiction of the subject matter in such proceeding *in rem,* its determination could not properly be treated as a nullity nor be open to collateral attack. VanFleet, Collateral Attack, §§ 527, 573, and cases there cited. In the last of these sections it is said that "the statutes concerning the appointment of administrators authorize it to be made in certain cases in any county where the decedent left assets. On the presentation of a petition asking for an appointment in such a case, it becomes a question of fact, to be determined from the evidence, whether or not the decedent did leave assets in that county, and an erroneous decision is conclusive in a collateral proceeding." See 11 Am. & Eng. Ency. of Law (2d ed.) 785; *Pick v. Strong,* 26 Minn. 303, 3 N. W. 697; *McCooey v. N. Y., N. H. & H. R. Co.* 182 Mass. 205, 65 N. E. 62;

*O'Connor v. Huggins,* 113 N. Y. 511, 21 N. E. 184; *John-son v. Johnson's Estate,* 66 Mich. 525, 33 N. W. 413; *Braw-ford v. Wolfe,* 103 Mo. 391, 15 S. W. 426; *Dunn v. German-Am. Bank,* 109 Mo. 90, 18 S. W. 1139. In this last case it was expressly held that "the right of a public administrator to take charge of an estate cannot be collaterally questioned." To the same effect: *Hoes v. N. Y., N. H. & H. R. Co.* 73 App. Div. 363, 77 N. Y. Supp. 117. In so far as this court has spoken on similar subjects of jurisdiction the same is in harmony with the authorities cited. *Tallman v. McCarty,* 11 Wis. 401; *Portz v. Schantz,* 70 Wis. 497, 36 N. W. 249; *Swan v. Norvell,* 107 Wis. 625, 83 N. W. 934. We must hold that the appointment of the plaintiff as such administrator was conclusive on the defendant in this action. Besides, the evidence is sufficient to support the finding that the deceased left property and an estate within Kenosha county to be administered therein.

*By the Court.*—The judgment of the circuit court is affirmed.

Dodge, J. Upon the ground that the evidence shows that decedent had property in Kenosha county I concur in the affirmance of the judgment, but I cannot yield assent to the doctrine that the exercise of jurisdiction to appoint an administrator by the county court concludes all collateral inquiry as to whether it had jurisdiction to do so. To so hold is to adopt the sophistry which was exploded by Paine, J., with such dignity of ridicule in *Rape v. Heaton,* 9 Wis. 328, adopting the views expressed in *Starbuck v. Murray,* 5 Wend. 148. Where the very existence of a fact is essential to the power of a court to consider a matter, that it cannot have such power to consider when the fact does not exist seems an axiom. To concede the necessity of existence of the fact as a condition to the court's deciding at all, and then to hold that, though it does not exist, yet the court's decision that it

does in effect creates the fact, is magic. It endows courts with omnipotence. It creates something out of nothing. It sanctions the logic of the man who would lift himself by pulling on his own boot straps. The power of the state of Wisconsin to exercise any control, either by its courts or other branches of government, over the property left by a decedent, must depend on either the fact of his residence here or the presence of effects within the state. *Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50; *Pennoyer v. Neff,* 95 U. S. 714; *Cunnius v. Reading School Dist.* 198 U. S. 458, 25 Sup. Ct. 721. In absence of those facts, it cannot confer on any one authority to meddle with such decedent's property, to take it into possession, sell it, or give it away. The acts of one so attempted to be authorized must be entirely futile and ineffective whenever questioned by the government having lawful jurisdiction over such property or by its administrative agents. Hence the payment of money to one appointed administrator without jurisdiction will not protect appellant against an administrator duly appointed. So I cannot doubt that appellant had right to question whether plaintiff was administrator at all.

That a jurisdictional fact must actually exist before any decision of a court can be conclusive has been declared repeatedly by this court; and the illogic of those courts, some of which are cited in the majority opinion, which hold that a finding that such fact exists suffices, has been reviewed and repudiated. *Rape v. Heaton, supra; Pollard v. Wegener,* 13 Wis. 569; *Carr v. Comm. Bank,* 16 Wis. 50, 52; *St. Sure v. Lindsfelt,* 82 Wis. 346, 52 N. W. 308; *Toepfer v. Lampert,* 102 Wis. 465, 469, 78 N. W. 779; *Johnson v. Turnell,* 113 Wis. 468, 472, 89 N. W. 515. The same principle has been declared by the supreme court of the United States, which in this field is our superior, for the enforcement of a judgment rendered without jurisdiction is a taking of property without due process of law. *Rose v. Himely,* 4 Cranch,

241, 269; *Griffith v. Frazier,* 8 Cranch, 9; *Thompson v. Whitman,* 18 Wall. 457; *Scott v. McNeal,* 154 U. S. 34, 45, 14 Sup. Ct. 1108; *Bell v. Bell,* 181 U. S. 175, 178, 21 Sup. Ct. 551; *Cooper v. Newell,* 173 U. S. 555, 19 Sup. Ct. 506; *Andrews v. Andrews,* 188 U. S. 14, 23 Sup. Ct. 237. New York has repeatedly applied the same doctrine, following *Starbuck v. Murray, supra,* the reasoning of which this court deemed unanswerable. *Ferguson v. Crawford,* 70 N. Y. 253; *O'Donoghue v. Boies,* 159 N. Y. 87, 98, 53 N. E. 537, and cases cited; *Hoes v. N. Y., N. H. & H. R. Co.* 173 N. Y. 435, 66 N. E. 119. The following are some of the jurisdictional facts, absence of which has been held to preclude jurisdiction and render judicial action void, even collaterally considered, although in such original proceedings the fact had been found and recited, viz.: The fact of service of process (*Rape v. Heaton, supra; Pollard v. Wegener, supra; Carr v. Comm. Bank, supra*); the fact of actual appearance to the action and of authority of attorney (*Christ v. Davidson,* 116 Wis. 621, 93 N. W. 532; *Cooper v. Newell,* 173 U. S. 555, 19 Sup. Ct. 506); the fact of death before administration (*Melia v. Simmons,* 45 Wis. 334; *Wis. T. Co. v. Wis. M. & F. Ins. Co. Bank,* 105 Wis. 464, 81 N. W. 462; *Griffith v. Frazier, supra; Scott v. McNeal, supra*); the fact of domicile in divorce (*St. Sure v. Lindsfelt,* 82 Wis. 346, 52 N. W. 308; *Andrews v. Andrews, supra; Bell v. Bell, supra*); the legal sufficiency of publication proceedings (*Beaupre v. Brigham,* 79 Wis. 436, 48 N. W. 596); existence of property in state of the judgment (*Renier v. Hurlbut,* 81 Wis. 24, 50 N. W. 783); seizure of property by sheriff (*Toepfer v. Lampert, supra*); fact of capture and location of property in prize condemnation (*Rose v. Himely, supra*); location of a trespass (*Thompson v. Whitman, supra*); domicile of a decedent (*Frame v. Thormann,* 102 Wis. 653, 79 N. W. 39; *S. C.* 176 U. S. 356, 20 Sup. Ct. 446; *Overby v.*

*Gordon,* 177 U. S. 214, 20 Sup. Ct. 603) ; location of prop-
erty in administration proceeding (*Overby v. Gordon, supra;
Hoes v. N. Y., N. H. & H. R. Co., supra*).

There certainly is no distinction between such facts and
that of the existence of property within a state, and none is
suggested either by counsel or by the opinion filed on behalf
of the court in this case. I do not find that the citations in
that opinion, with one exception, at all support the holding
that a jurisdictional fact cannot be denied and examined in
collateral proceedings. Some are to the effect either that, *if
the court has jurisdiction,* the judgment cannot be attacked
collaterally, which is, of course, begging the present question;
others declare that the recitation of the jurisdictional fact
in the record establishes it *prima facie*—a rule with which
I not only agree, but would enlarge to the extent that the mere
judgment of a superior court of general jurisdiction *prima
facie* establishes every jurisdictional fact not expressly con-
tradicted by the record. The exceptional case is *O'Connor v.
Huggins,* 113 N. Y. 511, 21 N. E. 184, wherein it is said
that all jurisdictional facts are concluded against collateral
attack by a recitation of them in the record; but it supports
this *dictum* by citation and quotation of argument from *Ro-
derigas v. E. R. Sav. Inst.* 63 N. Y. 460, holding that the
fact of death is so concluded and cannot be contradicted. Ob-
viously the *O'Connor Case* is the logical deduction from the
*Roderigas* holding, and *vice versa.* If the record can con-
clude one jurisdictional fact it can another. No more om-
nipotence is necessary to kill a live man than to create prop-
erty where there is none. However, the former has been held
impossible in Wisconsin, and neither the *Roderigas Case* nor
the logical deduction from it in *O'Connor v. Huggins* is very
cogent authority here. I do not understand that either is au-
thority in New York, for I find that *Roderigas v. E. R. Sav.
Inst.* 63 N. Y. 460, is spoken of as that "much-discussed and

overruled case" in *Matter of Killan,* 172 N. Y. 557, 65 N.
E. 561.   In my opinion the question whether there existed
in Wisconsin any property of decedent was open to denial by
defendant and to trial in the present action.

