ESTATE OF OTT: SUTLIFF, Special Administrator, Appellant, vs. CALHOUN and another, Respondents.

*April 11—June 25, 1938.*

E. C. *Smith* of Tomahawk, for the appellant.

For the respondents there were briefs by *Smith & Doepke* of Merrill, and oral argument by *F. A. Doepke*.

The following opinion was filed May 17, 1938:

MARTIN, J.    On July 9, 1937, Blanche Krombholz, a daughter of Rudolph Ott, alleged to be deceased, filed a petition in the county court of Lincoln county for probate of an alleged will of said Rudolph Ott, purporting to have been executed by him on the 15th day of January, 1936. The petition alleges:

"That Rudolph Ott, a resident of the town of Tomahawk, Lincoln county, Wisconsin, died at the town of Tomahawk, Lincoln county, Wisconsin, on the 27th day of May, 1937. . . ."

The petition indicates personal property of the value not to exceed $2,000 and real estate of the probable value of $5,000, annual rents and income not to exceed $100. The will, after providing for the payment of just debts, funeral expenses, etc., and the sum of $50 for the upkeep of the cemetery lot, gives, devises, and bequeaths all the rest, residue, and remainder to the daughter, Blanche Krombholz, who appears to be the only heir, "if she survives me and in the event of her death prior to my decease, then to her surviving children in equal shares." The daughter is named as executrix without bond.

On July 9, 1937, the county court entered an order setting date for hearing on August 10, 1937, and setting date for hearing on claims on November 16, 1937.

On July 9, 1937, said Blanche Krombholz also filed a petition asking for the appointment of a special administrator for the following reason:

"That there will be delay in granting letters testamentary or of administration and it is necessary that a special administrator be appointed for the reason that the estate is subject to waste and requires the immediate attention of some person to conserve it."

This petition also alleges that Rudolph Ott died at the town of Tomahawk, in Lincoln county, on May 27, 1937. Upon said petition, an order was entered appointing the appellant as special administrator.

It appears that on April 7, 1937, a judgment was rendered against Rudolph Ott, in favor of Robert Calhoun and Florence Calhoun, in the sum of $295.06. Execution was issued thereon; also garnishment in aid of execution was begun. The attorney for the appellant herein appeared in said action as attorney for Mr. Ott and took an appeal from said judgment to the circuit court for Lincoln county. In connection with these proceedings and apparently for the purpose of defeating the garnishment proceedings in aid of execution, said attorney made an affidavit in which, among other things, he said:

"That on or about the 27th day of May, 1937, defendant [Rudolph Ott] disappeared under circumstances tending to indicate suicide and as a result thereof probate proceedings were instituted, and are pending."

Following the disclosure that Mr. Ott had only disappeared from his place of residence, there being no evidence of his death, the attorneys for the judgment creditors, Robert and Florence Calhoun, filed a petition in the county court, in the matter of the proceedings in the estate of said

Rudolph Ott, upon which petition the court entered an order directing the daughter, Blanche Krombholz, and A. E. Sutliff, as special administrator, to show cause why an order should not be entered correcting the record and canceling and setting aside the appointment of a special administrator in said county-court proceedings. Upon the hearing on the order to show cause, it appears to have been conceded that there was no evidence, at least then available, to establish the death of Mr. Ott, that he had simply left his usual place of residence on or about May 27, 1937, and so far as the interested parties knew he had not been seen nor heard from since May 27th. The attorneys for the judgment creditors challenged the jurisdiction of the county court to proceed with the administration of Mr. Ott's estate, both as to the general and special administration proceedings. The county court entered an order dismissing the proceedings, and directing the appellant to forthwith make an accounting to the court of all his acts as such administrator, and further ordered that no costs nor disbursements be allowed in the special administration proceedings.

It appears to be the appellant's contention that, because a petition was filed with the county court in which it was stated that Mr. Ott died on May 27, 1937, the court had jurisdiction to proceed with the probate of the will and with the special administration proceedings regardless of the fact of whether Mr. Ott was dead or alive. Appellant makes the further contention that the judgment creditors had no right to intervene in the county court proceedings and question the jurisdiction of the court, even though it be conceded that there was no evidence of Mr. Ott's death and that his disappearance had continued for only about one and one-half months prior to instituting the proceedings in the county court. The daughter and her attorney knew when they began the proceedings in the county court that they then had no evidence of Mr. Ott's death, and that if his disappearance

on or about May 27th was under circumstances tending to indicate suicide such fact should have been made known to the court. It would then become the duty of the court to determine the fact of Mr. Ott's death. Without such determination, it had no authority to proceed. *Wisconsin Trust Co. v. Wisconsin Marine & Fire Ins. Co. Bank,* 105 Wis. 464, 468, 81 N. W. 642. All petitions made to county courts must show the jurisdiction of the court, the interest of the petitioner, and his right to apply to the court. Sec. 310.045, Stats. In *Jordan v. Chicago & N. W. R. Co.* 125 Wis. 581, 588, 104 N. W. 803, quoting from *Griffith v. Frazier,* 8 Cranch, 9, 23, the court said:

"In the common case of intestacy it is clear that letters of administration must be granted to some person by the ordinary [having the power of our county court], and, though they should be granted to one not entitled by law, still the act is binding until annulled by the competent authority, because he had power to grant letters of administration in the case. *But suppose administration to be granted on the estate of a person not really dead.* The act, all will admit, *is totally void.* . . . The case, in truth, was not one within his jurisdiction. It was not one in which he had a right to deliberate. It was not committed to him by the law. And although one of the points occurs in all cases proper for his tribunal, yet that point cannot bring the subject within his jurisdiction."

In *Will of Rice,* 150 Wis. 401, 443, 136 N. W. 956, 137 N. W. 778, the court said:

"The county court, as indicated in the cited cases, having jurisdiction only of the estates of deceased persons in respect to administering the same, the power does not become active, in any particular instance, *till the person over whose estate the authority may be asserted is actually dead.* A mere allegation and adjudication in proceedings to that end does not suffice. If, notwithstanding that, it turns out that the person adjudged to be dead is in fact alive, all proceedings in respect to his estate are utterly void. The fact of death, irrespective of any adjudication respecting it, is essential. . . ."

Of course, the rule as to the presumption of death after seven years can have no application to the facts in the instant case because the presumption of death after seven years is limited to establishing the fact of death from and after the end of the seven-year period, and does not operate to prove that death occurred at any particular time within the seven-year period. *Delaney v. Metropolitan Life Ins. Co.* 216 Wis. 265, 269, 257 N. W. 140.

There is no occasion to make further reference to appellant's contentions. They are without merit. The proceedings in the county court for the probate of Mr. Ott's will and the appointment of the appellant as special administrator are void.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on June 25, 1938.