EHRLICH, Appellant, vs. FRANK HOLTON & COMPANY, Respondent.

*May 19—October 11, 1938.*

For the appellant there were briefs by *Upham, Black, Russell & Richardson,* attorneys, and *Fraley N. Weidner* of counsel, all of Milwaukee, and oral argument by *Mr. Weidner.*

*Fred Kull* of Elkhorn, for the respondent.

The following opinion was filed June 21, 1938:

MARTIN, J.   The judgment of the superior court of Cook county, Illinois, was affirmed by the appellate court of Illinois, on October 16, 1934 (*Wiedoeft v. Frank Holton & Co.* 287 Ill. App. 592, 5 N. E. (2d) 601), and leave to appeal was thereafter denied by the supreme court of Illinois. On June 12, 1937, an order was entered by the circuit court

for Walworth county, substituting the appellant as plaintiff therein in place of Rudy Wiedoeft, and allowing said substituted plaintiff to file an amended complaint. The amended complaint, among other things, alleges the rendition of the judgment in the superior court of Cook county, Illinois; that said court was a court of general jurisdiction and that personal service was made on the defendant; that the superior court of Cook county had jurisdiction of the subject matter and of the person; that said judgment was affirmed by the appellate court of Illinois and leave to appeal denied by the supreme court of Illinois; that said judgment remains in full force and not reversed or stayed; also alleges the amount due upon said judgment with interest, the assignment thereof, and that the plaintiff in this action is now the lawful owner thereof.

The respondent's answer admits the foregoing allegations of the amended complaint except as to the assignment of the judgment. As to that fact the answer alleges:

"That as to the allegations contained in paragraph 4 of said amended bill this defendant denies that said Rudy Wiedoeft assigned said purported judgment to this plaintiff after leave to appeal to the supreme court of Illinois had been denied, and upon information and belief denies that he duly assigned it to him at any time and also denies upon information and belief that this plaintiff is now the lawful owner thereof."

Thereafter appellant procured an order from the circuit court for Walworth county directing respondent company to show cause why certain portions of the answer and counterclaim should not be stricken, and for summary judgment in accord with the prayer of the amended complaint. It appears that on December 28, 1937, the trial court filed a memorandum decision, granting appellant's motion for summary judgment. Thereafter a rehearing was had, and on Janu-

ary 6, 1938, the court entered an order denying appellant's motion to strike certain portions of defendant's answer and counterclaim and for summary judgment.

We are of the opinion that the above-quoted portion of the defendant's answer denying the assignment of the judgment and denying upon information and belief that the present plaintiff is now the lawful owner of said judgment, presents a very material issue. As said by this court in *Holzinger v. Prudential Ins. Co.* 222 Wis. 456, 461, 269 N. W. 306:

"On a motion for summary judgment, the court does not try the issues,—it merely decides whether there is an issue for trial."

The ownership of the Illinois judgment is the basis of this action. We, of course, must and do give full faith and credit to the judgment rendered in the courts of Illinois (*Ellis v. Gordon,* 202 Wis. 134, 231 N. W. 585), but whether the appellant is the owner of that judgment is another question. It presents an issue for trial.

The merits having been fully litigated in the courts of Illinois, which had jurisdiction of the parties and the subject matter, cannot be again litigated in the courts of Wisconsin. The validity of the foreign judgment is not open to attack. *Christ v. Davidson,* 116 Wis. 621, 93 N. W. 532.

The respondent contends that the alleged assignment is champertous and void. This contention is made upon the theory that the assignment being taken by Mr. Ehrlich for his own protection, was an unlawful limitation upon his client's right to control his action and to settle with his adversary if he chose to do so. There is nothing champertous about an attorney taking an assignment of a judgment after it is entered though it be for his own protection to secure the

payment of his fees. The only issue to be tried is: Was the judgment assigned?

*By the Court.*—Order affirmed.

The following opinion was filed October 11, 1938:

MARTIN, J. (*on motion for rehearing*). In the opinion filed herein June 21, 1938, the court held that the pleadings presented an issue for trial—whether the Illinois judgment in favor of the plaintiff's assignor, which is the basis of this action, was assigned to plaintiff-appellant. The conclusion reached resulted in affirming the order of the trial court denying the plaintiff's motion for a summary judgment. Upon further consideration, while it is true the pleadings made an issue, as most pleadings do, on the record there is no issue as to whether the judgment in question was assigned to the plaintiff-appellant. In support of his motion for a summary judgment and the general allegation of his complaint that said judgment had been assigned to him on the 27th day of January, 1937, plaintiff attached a photostatic copy of the assignment, making same a part of his affidavit. This assignment is unconditional, duly executed by Mr. Wiedoeft in the presence of witnesses, sets forth the consideration and is under seal.

Sec. 270.635 (2), Stats., provides:

"The judgment [summary judgment] may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no

merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

In *Sullivan v. State*, 213 Wis. 185, 195, 251 N. W. 251, the court said:

"The purpose of providing for summary judgments is to avoid delay and to cut down the frequent contributions to injustice which proceed from technicalities of pleading and practice. It seems quite as important to us that the plaintiff's cause of action should be summarily dismissed when no cause of action is shown by the pleading and affidavits, as it is that defendant's formally sufficient pleadings should be disregarded when the plaintiff has satisfied the terms of the statute and the defendant has failed to convince the court that there exists a genuine issue."

The respondent makes no attack upon the written assignment as such: There is no suggestion that the signature on the assignment is not that of Mr. Wiedoeft. There is no claim that it was obtained through fraud or coercion. On the contrary, it appears that in the receivership proceedings in Illinois, the defendant-respondent in a verified answer alleged that appellant was the owner of the judgment in question. In opposition to the appellant's motion for a summary judgment, respondent's counsel made affidavit that on April 20, 1937, appellant stated to defendant's counsel and to Edward R. Johnson and Ning Eley that Wiedoeft owned said judgment but that appellant had taken an assignment of the judgment for his own protection. Similar affidavits were made by Johnson and Eley.

Assuming that appellant procured the assignment of the judgment from Wiedoeft for his own protection, he had a legal right to do so, and, by virtue of the assignment, he became the real party in interest and has the right to maintain this action. *Hilton v. Waring*, 7 Wis. *492; *Curtis v. Mohr*, 18 Wis. *615; *Leary v. Leary*, 68 Wis. 662, 32

N. W. 623; *Hankwitz v. Barrett,* 143 Wis. 639, 128 N. W. 430; *Necedah Mfg. Corp. v. Juneau County,* 206 Wis. 316, 237 N. W. 277, 240 N. W. 405.

The appellant has complied with the provisions of sec. 270.635 (2), Stats., by setting forth in his affidavit the evidentiary facts relative to the assignment of the judgment with a photostatic copy thereof, and has complied with the other requirements of the statute. The record made by respondent does not challenge the validity of the assignment. On the contrary. it tends to confirm it. In *Fuller v. General A. F. & L. Assur. Corp.* 224 Wis. 603, 610, 272 N. W. 839, the court said:

"The purpose of such a statute or rule [summary judgment] is to grant speedy relief, especially in cases where procedural tactics are interposed for purposes of delay. . . . The statute clearly requires an affidavit setting forth 'evidentiary facts.' 'Evidentiary facts' are not the same as 'ultimate facts,' which ordinarily are, or should be, alleged in pleadings."

In the instant case, respondent has failed to show that there is a genuine issue as to the validity of the assignment in question or the ownership of the judgment thereby assigned.

*By the Court.*—Motion denied, the mandate entered herein on June 21, 1938, is hereby vacated and set aside. The order of the trial court dated January 6, 1938, denying plaintiff's motion for a summary judgment is reversed, and the record remanded with directions to enter judgment for the plaintiff-appellant as prayed for in the complaint. Although appellant's motion is denied, respondent shall pay $25 costs.