MILWAUKEE COUNTY, Respondent, vs. MILWAUKEE YACHT CLUB, Appellant.

MILWAUKEE COUNTY, Plaintiff and Respondent, vs. CITY of MILWAUKEE, Defendant: MILWAUKEE YACHT CLUB, Defendant and Appellant.

*February 8—March 7, 1950.*

For the appellant there were briefs by *Lines, Spooner & Quarles* and *Quarles, Spence & Quarles,* attorneys, and *Louis Quarles, Maxwell H. Herriott,* and *Edward H. Borgelt* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

For the respondent there was a brief by *William J. McCauley,* district attorney, and *O. L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

GEHL, J.  The Milwaukee Yacht Club obtained permission by resolution of the common council of the city of Milwaukee on October 28, 1895, to construct a clubhouse on a parcel of land sixty by sixty feet adjacent to the city flushing tunnel on the shore of Lake Michigan and near what is now generally known as McKinley Beach.  Ownership was assumed by both parties to be in the city.  The city's resolution provided that the club was not to be considered a tenant of the city and that a clubhouse to be erected would be removed when the public interest should require.  The clubhouse was subsequently erected and the property grew by accretion and filling until it extended three hundred eighty-six feet into Lake Michigan and one hundred thirty-seven feet in width.

In 1907 an action was brought by the owners of abutting property along Lake Michigan to determine ownership of lands developed through accretion, including the Yacht Club site, and it was held that the Yacht Club site was and had been the property of one such abutting owner, the Chicago

& North Western Railway Company, and not of the city of Milwaukee as had been originally assumed.

Thereafter, in 1913 the Railway Company quitclaimed to the city certain lands including the Yacht Club site upon condition that it be maintained by the city at all times for park purposes and providing that upon failure the lands would revert to the company.

In 1936 the electors of the city by election referendum voted to transfer all city park property to the county and shortly thereafter the city council by resolution directed that such properties including the club site be conveyed to the county. On November 12, 1936, the city executed a deed to the county conveying the McKinley Park area, which included the Yacht Club site, subject to various conditions, among which were the following:

"The above-described premises . . . shall be used forever solely and exclusively as a public park, amusement and recreation grounds, . . . and upon the further condition that the party of the second part will maintain said premises . . . and will never alien or convey said lands to any private person. . . .

"The above-described premises are sold and conveyed upon the further express condition that the Milwaukee Yacht Club will be permitted the occupancy of its present site. . . .

"Provided, however, that in the event said county of Milwaukee shall cease to use or operate said lands for park purposes . . . the lands herein described shall revert to the city of Milwaukee. It is the intention of this deed to convey to the county of Milwaukee and its successors in interest all the lands and the hereditaments and appurtenances thereunto appertaining included within the limits of that certain area commonly known and referred to as McKinley Park as the same existed at the date of this instrument.

"This conveyance shall be effective January 1, 1937, and the grantee shall have possession on that date."

About a year later it was discovered that one of the descriptions contained in the deed was erroneous. Without

any authorization by the common council a correction deed was executed by the city officials and delivered to the county on September 19, 1938. It was approved as to execution by the county on November 19, 1940, and recorded on December 5, 1940. It recites its purpose to correct a description and contains the same condition with respect to the use of a part of the premises by the Yacht Club as is contained in the deed of November 12, 1936.

Since December, 1936, the club has expended some $7,500 in the improvement of its site. Its clubhouse was destroyed by fire in 1943. Since that time the county has challenged the right of the club to occupy the site.

Among other things, the Yacht Club contends that it has acquired title to the site by adverse possession.

The pleadings and the affidavits filed on the motions for summary judgment disclose at least one issue of fact. In its answer to the amended complaint the Yacht Club pleads that it has acquired title to the site by adverse possession; the allegation is repeated in one of the affidavits filed in support of its motions. The county disputes the claim. Much of the brief of the Yacht Club is devoted to this issue. The validity of ch. 397, Laws of 1945, which purports to grant to municipalities the right to convey to a yacht club submerged lands constituting the bed of any lake is attacked by the county. The club in reply urges that if it be held to be invalid the result would not be fatal to its claim, for, as it contends, it has acquired title by reason of adverse possession.

To establish its claim to title by reason of adverse possession a number of facts would have to be established, the length of time of occupancy, the area occupied, the nature and character of the club's occupancy, and other matters. These issues may not, in fact in this case they cannot, be determined upon motions for summary judgment. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 281 N. W. 697; *Marco v. Whiting,* 244 Wis. 621, 12 N. W. (2d) 926.

Several issues of law, the answers to which might dispose of this matter, are presented. But they are debatable and should not be determined on these motions. On a motion for summary judgment the court is only required to decide whether there is an issue for trial. *Ehrlich v. Frank Holton & Co.* 228 Wis. 676, 280 N. W. 297, 281 N. W. 696. Having determined that there are such issues we must affirm the orders denying the motions.

*By the Court.*—Orders affirmed.