WHITE and another, Administrators, Respondents, vs. BROTHERHOOD OF LOCOMOTIVE FIREMEN, Appellant.

*April 5—April 24, 1917.*

*Death: Presumption after seven years: Time of death: Evidence: Life insurance: Benefit societies: Proof of death: Notice of disappearance, when not necessary: Assessments paid after death: Recovery.*

1. There is no presumption of the death of a person until the expiration of seven years after he was last heard from, and after

such seven years there is no presumption either of life or of death at any particular time during the seven years, in the absence of evidence raising such presumption.

2. The question at what particular time during said period of seven years a person died is one of fact to be determined by a court or a jury; and in this case the evidence is *held* to sustain a finding by the trial court that the death occurred shortly after the person was last heard from.

3. A certificate of insurance issued by a fraternal benefit society provided that "all rights of action by the beneficiary . . . shall be absolutely barred unless proof of death . . . shall be made within sixty days from the time said beneficiary has acquired knowledge of the fact of the death of said member." The member disappeared, having been last heard from in 1901. In an action brought upon the certificate in 1915, defendant denied that the member was dead. The court found that the beneficiary had no knowledge of the death; that all the facts as to the disappearance were known to the secretary of the local lodge and had been by him laid before the grand secretary of the society; and that payment of the dues and assessments had been continued by the advice of the officers of the lodge. Both parties considered the contract valid up to the time the action was brought. *Held*, that defendant could not repudiate it under the provision above quoted.

4. It being the duty of the officers of the local lodge, under the by-laws of the society, to make the certificate and proofs of death in such a case, it was not necessary, in view of the knowledge which those officers and the grand secretary possessed, that the beneficiary should have given formal notice to the society of the disappearance of the insured.

5. Assessments paid by the beneficiary after the death of insured and before her own death were recoverable in the action brought by the administrators of the beneficiary.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Affirmed.*

This is an action to recover upon a certificate of insurance issued by appellant to one T. J. White, the respondents being the sisters and alleged heirs of said T. J. White. The case was tried by the court and the following findings made:

That T. J. White never married, and made his home with his mother at Winona, Minnesota; that he was sober and industrious, lived on affectionate terms with the family, and

wrote to his parents and sisters on an average of once in six weeks or two months; that he saved considerable money and provided for the support of his parents, and when he left for North Dakota in 1900 he had $150 in the bank at Winona upon which he gave his mother permission to draw; that he was last heard from in Vale, Iowa, in 1901, when his brother-in-law received a letter from him, and that his sister sent him at Vale, Iowa, a letter from a contractor in Montana who sought to employ him in some railroad construction work in Montana; that on February 18, 1901, while T. J. White was absent in Vale, Iowa, the certificate of 1895 was surrendered by *Hannah White,* a sister, and the policy of January, 1901, was delivered to her in lieu thereof; that Ellen White, the beneficiary, died July 18, 1904, at Winona, Minnesota, leaving as her only heirs-at-law her daughters *Hannah White* and *Margaret Nichols,* who were appointed as administrators of her estate by the Winona county court March 10, 1915; that T. J. White died in the year 1901, three years prior to the death of his mother, Ellen White; that the mother and sister made inquiries and caused them to be made, and caused a notice to be inserted in a magazine published by defendant company in 1903 and in 1905 and 1908, to discover if he was living, and discovered nothing by reason thereof; that witness Snyder was secretary of the lodge at Waseca at the time of White's disappearance and up to the time of trial, and the disappearance and absence without tidings were known to said Snyder and to other members of Waseca Lodge from date of disappearance, and at the request of *Hannah White* the facts and circumstances of his disappearance were laid before Mr. Carter, a general officer of the order, at the Milwaukee convention in 1906; that defendant has demanded and collected from Ellen White and her heirs the assessments which fell due upon the policies up to September, 1915, with full knowledge of the facts and without objection; that it was the duty of the local lodge, when

the death of a member came to the attention of its secretary,
to make proof of claim, but that Snyder as such secretary,
with knowledge of his disappearance, failed to do so, but ad-
vised *Hannah White* in 1906 and two years ago to keep on
paying the assessments, and because of such advice the assess-
ments were paid; that it was unnecessary for Ellen White or
her heirs to give notice to Snyder of the facts surrounding
the disappearance of White, because such facts were known
to Snyder at the time of the disappearance; that a claim for
payment was made by the attorneys for *Hannah White* and
*Margaret Nichols* and was finally rejected November 19, ·
1914; that after the appointment of plaintiffs as admin-
istrators of Ellen White's estate it was unnecessary to pre-
sent further claim; that the amendment to section 76 of
the constitution and by-laws of 1907 was legally adopted by
defendant company and became effective January 1, 1907,
but it in no wise affected plaintiffs' claim because of the death
of White in 1901; that the plaintiffs should recover $41.80
dues paid by Ellen White between dates of death of T. J.
White and Ellen White.

The court concluded that plaintiffs are entitled to recover
$1,500, amount of the certificate, and $41.80 assessments
and interest thereon; that the cause of action is not barred
by either of the statutes of limitation pleaded by the defend-
ant as a defense; that the action is not barred by any limita-
tion provided by the constitution and by-laws of the defend-
ant organization or by any certificate issued to T. J. White;
that defendant has at all times since May 6, 1901, treated
the contract as being in full force and effect and demanded
and accepted all dues and assessments and is estopped from
setting up a defense of the statute of limitations and the
limitations providing for the furnishing of proof and the
commencement of the action; that the defendant finally re-
jected the claim November 19, 1914, and refused to pay any-
thing on account of the death of insured, when proof of death

was based upon the presumption arising from absence without tidings, and it was unnecessary for plaintiffs to make proof of death or formally present a claim.

Judgment was rendered in favor of the plaintiffs, with costs, from which this appeal was taken.

For the appellant there was a brief by *Bentley, Kelley & Hill* of Baraboo, and oral argument by *Frank R. Bentley.*

For the respondents there was a brief by *Grotophorst, Thomas, Rieser & Quale* of Baraboo, and oral argument by *H. H. Thomas.*

KERWIN, J.    The findings set out in the statement cover all the issuable facts in the case.

1. It is strenuously contended by counsel for appellant that there is not sufficient evidence to support the finding to the effect that T. J. White died in the year 1901, three years prior to the death of his mother.

It is argued that since there is no presumption of death because of no tidings until the expiration of seven years and because of a presumption of continuation of life, it is not established that White died so short a time after he was known to be alive and well.

The well settled rule is that there is no presumption of death until the expiration of seven years after being heard from, and after seven years there is no presumption of either life or death at any particular time during the seven years in the absence of evidence raising such presumption.  *Whiteley v. Equitable L. A. Soc.* 72 Wis. 170, 39 N. W. 369; *Wis. T. Co. v. Wis. M. & F. Ins. Co. Bank,* 105 Wis. 464, 81 N.W. 642; *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 122 N. W. 1126.

In the instant case it is undisputed that White had been unheard of for more than seven years, and the material question is, At what particular time, during the seven years he was unheard of, did he die?  This is a question of fact to

be determined by the trial court or a jury. *Whiteley v. Equitable L. A. Soc., supra; Miller v. Sovereign Camp W. O. W., supra; Butler v. Supreme Court I. O. F.* 53 Wash. 118, 101 Pac. 481; *Tisdale v. Connecticut Mut. L. Ins. Co.* 26 Iowa, 170.

The evidence tending to show that T. J. White died shortly after his disappearance is very strong and fully warranted the court below in finding that he died as found in 1901 and before the death of his mother, Ellen White.

2. The certificate in question and upon which this suit was brought provides:

"All rights of action by the beneficiary . . . shall be absolutely barred unless proof of death as required by said constitution shall be made within sixty days from the time that said beneficiary has acquired knowledge of the fact of the death of said member. . . . Any action under this certificate . . . by the beneficiary designated therein shall be absolutely barred unless such action shall be commenced in some court of competent jurisdiction within six months from the final rejection of the claim."

The court below found that the beneficiary named in the certificate had no knowledge of the death of White, and the defendant in its answer denied the death of White at the time alleged in the complaint or at any other time, and the court below found upon sufficient evidence that the secretary of the local lodge had knowledge of all the facts, and that the officers of the lodge advised plaintiffs to continue payment of the dues and assessments upon the certificate, which was done. Both parties considered the contract valid up to the time action was commenced, and the defendant, therefore, should not be permitted to repudiate it under the established facts in the case. *Palmer v. St. Paul F. & M. Ins. Co.* 44 Wis. 201; *Bennett v. Beavers R. F. Fraternity,* 159 Wis. 145, 150 N. W. 181.

3. It is further argued by appellant that the plaintiffs cannot recover because of failure to comply with the by-laws

of the defendant company providing for a notice and certificate of death and showing receipt for the last quarter's dues, etc. But an examination of these by-laws will show that in a case like the present it was the duty of the officers of the local lodge, under the circumstances of the case, to furnish this evidence to the company. In case of presumptive death a beneficiary cannot determine that death had resulted at any particular time. The facts with regard to the disappearance of White in 1901 were well known to the secretary of the local lodge and were communicated to the grand secretary of the association. In view of the established facts in this case no duty rested upon Ellen White to give formal notice to the order of the disappearance of her son, T. J. White. *Kelly v. A. O. H. L. Ins. Fund,* 113 Minn. 355, 129 N. W. 846.

4. It is further contended that all right of action was barred by the provision in the policy that any action thereunder should be absolutely barred "unless such action shall be commenced in some court of competent jurisdiction within six months from the final rejection of the claim." The court below found upon sufficient evidence that the claim was finally rejected on the 19th day of November, 1914, and that the action was commenced within six months from that date. The established facts dispose of the appellant's contention under this head.

5. Some contention is made to the effect that the cause of action is barred by the six- and ten-year statutes of limitation; also that the action should have been on a so-called 1907 certificate issued after the death of both T. J. White and his mother. These contentions are wholly without merit and do not require consideration.

6. The second cause of action sets up a claim to recover assessments paid by Ellen White after the death of T. J. White. Appellant contends, although we think not very seriously, that this money cannot be recovered. The amount

which the court below found plaintiffs are entitled to recover is $41.80, which amount was paid by Ellen White between the dates of death of T. J. White and Ellen White. We think it clear under the testimony and findings that the plaintiffs were entitled to recover this amount.

We are convinced that the case was fairly tried, no prejudicial error committed, and that the judgment below is right and should be affirmed.

*By the Court.*—Judgment is affirmed, with costs.