WHITE, Respondent, vs. BROTHERHOOD LOCOMOTIVE FIRE-
MEN AND ENGINEMEN, Appellant.

*March 5—April 30, 1918.*

*Life insurance: Benefit societies: Assessments paid after death of
member: Recovery: Parties interested: Limitation of actions:
Interest.*

1. A member of the defendant benefit society disappeared in 1901
and was not thereafter heard from, and it is established that he
died in 1901. In the mistaken belief that he was still living
his mother, the beneficiary, continued to pay the assessments
on his benefit certificate until her death in 1904, and thereafter
such assessments were paid by his heirs until 1915, when this
action was brought by one of said heirs (who was also assignee
of the other heir) to recover the assessments so paid by them.
It appearing that defendant's officers, with full knowledge of
the facts as to the member's disappearance, had advised said
continued payment of the assessments, and that both parties
considered and treated the benefit certificate as valid up to
November 19, 1914, when defendant rejected a demand for pay-
ment thereon, it is *held* that the assessments so paid by the heirs
may be recovered.

2. Neither the estate of the deceased member nor that of the bene-
ficiary is interested in the claim for recovery of the assessments
so paid by the member's heirs.

3. The certificate having been kept alive and treated as valid by
both parties until November 19, 1914, no cause of action for re-
covery on the certificate or of the assessments paid after the
death of the insured accrued until the rejection by defendant
of the demand made on that date; and the action is therefore
not barred by the statutes of limitation.

4. Interest on the amount of the assessments for which recovery is
had in such action should be allowed only from November 19,
1914.

APPEAL from a judgment of the circuit court for Sauk
county: JAMES O'NEILL, Judge. *Modified and affirmed.*

This is an action to recover assessments paid on a benefit
certificate in the appellant organization issued to one T. J.
White, which were paid by the plaintiff and her sister, Mar-

garet Nichols, since the death of T. J. White and since the death of the beneficiary, his mother, Ellen White.

An action to recover on this benefit certificate has been before this court and is reported in 165 Wis. 418, 162 N. W. 441. In that action recovery of the amount of the policy and of the premiums paid by the beneficiary after the disappearance of the insured, T. J. White, to the time of her own death was adjudged. The trial court found that T. J. White died in July, 1901.

The complaint in this action alleges, as was alleged in the former complaint, the disappearance and death of White, and asks for a judgment for recovery of the assessments made by the defendant association and paid by respondent and her sister, Margaret Nichols, on this certificate from the death of their mother, the beneficiary, up to the time of the commencement of this action in December, 1915. Respondent alleges that she and her sister were induced to keep paying the assessments upon the representations made to them by officers of the local lodge that the policy would be kept in force, upon payment of the assessments and dues, until they received knowledge whether or not T. J. White was dead.

The association alleges that any and all premiums which were paid by the plaintiff and her assignor were paid voluntarily for the purpose of keeping in force the certificate so that when the death of the insured was in fact proven the amount of the certificate might be received by the beneficiary or her heirs; that the premiums were paid in the usual and regular manner; that the plaintiff and her sister were fully informed of the conditions and circumstances surrounding the disappearance of T. J. White, and that, fully cognizant of these facts, they continued to pay these premiums for the purpose of keeping valid the certificate so that a recovery of the amount could be had by them.

Defendant alleges that plaintiff's right to recover herein is barred by sec. 4222, Stats., that since the time of com-

mencement of this action and since the joining of issue upon the original answer the judgment of the circuit court referred to in these pleadings was affirmed by the supreme court and that all costs have been fully paid, and that the amounts thus paid include any and all dues and assessments which were paid on the policy up to the time of the death of the beneficiary, Ellen White, and by reason thereof this plaintiff has no cause of action; and that the cause of action was not instituted within the time required by the constitution and by-laws of the association nor by the certificates of insurance set forth and referred to in plaintiff's complaint bearing date of February 18, 1901, and January 1, 1907.

Upon service of the complaint there was a demurrer to plaintiff's capacity to sue and as to its sufficiency, which was overruled by the court and exception taken. There was likewise a demurrer *ore tenus* before the introduction of any testimony, which was overruled and exception duly taken.

The court ordered judgment in favor of the plaintiff for the sum of $301.97 damages, together with the sum of $38.52 costs. This is an appeal from such judgment.

For the appellant there was a brief by *Bentley, Kelley & Hill* of Baraboo, and oral argument by *Frank R. Bentley.*

For the respondent there was a brief by *Grotophorst, Thomas, Rieser & Quale* of Baraboo, and oral argument by *H. H. Thomas.*

SIEBECKER, J. This action for recovering the amounts of assessments plaintiff and her assignor paid on the benefit certificate of Thomas J. White, deceased, is one to recover the sums paid to the defendant under the mistaken belief that White was living when the assessments were levied, demanded, and paid. It is established that White died in 1901, and that the right to levy assessments against him as member of the *Brotherhood* ceased at that time. Under these circumstances it was held in *White v. Brotherhood of*

*Locomotive Firemen,* 165 Wis. 418, 162 N. W. 441, that the party paying such assessments after White's death was entitled to reimbursement. We are persuaded that this decision should be adhered to as a proper determination of this question. It follows from this that the plaintiff is entitled to maintain this action in its present form and that the estates of Thomas J. White and Ellen White, the beneficiary named in the certificate, are not interested in this claim. It was found and determined in the *White Case,* and the trial court in this case reiterates the finding, that the officers of the *Brotherhood* had as full knowledge of the facts of White's disappearance as had the plaintiff and her mother, who paid these assessments. The trial court determined in this case, as was held in the former case, "that the officers of the lodge advised plaintiffs to continue payment of the dues and assessments upon the certificate, which was done. Both parties considered the contract valid up to the time action was commenced, and the defendant, therefore, should not be permitted to repudiate it under the established facts in the case." It is now argued that the right to recover on the contract does not prevent the statutes of limitation from running against payments of assessments from the date they were made. The logic of this contention would prevent recovery of assessments or premiums paid under our statutes on any life insurance contracts when the insured disappears, without tidings of his whereabouts, if they were made more than six years before the commencement of action and after the death of the insured. A period of seven years after last tidings is required to raise a legal presumption of death in such cases. It is readily conceivable that the insured may actually have died at the time of his disappearance but that the fact of death did not become known for more than six years thereafter. It is reasonably to be expected that the insurer and the beneficiary, under the facts and circumstances surrounding the disappearance of an insured person, might

desire to keep the policy alive beyond the seven-year period upon which a presumption of death may be claimed. We discover no valid reasons why the insurance contract cannot, by agreement with the insurer, be continued in force as a subsisting and valid one beyond the seven-year period. This conclusion, we think, was properly adopted and sustained in the *White Case, supra.* Since the contract of insurance can be so treated by the parties, no cause of action can accrue for recovery of premiums and assessments paid thereon after death of the person insured until the contract is terminated by either party. Applying these considerations in the instant case, it follows that the defendant and the plaintiff and her sister by mutual arrangement treated the certificate as valid up to the time the plaintiff declared it due and demanded payment of the proceeds thereof and repayment of the assessments and defendant's rejection of the demand on November 19, 1914; and that no action for recovery on the policy and of the assessments paid after the death of Thomas J. White in 1901 accrued until such demand was rejected by the defendant. Under these circumstances plaintiff's cause of action is not barred by the statutes of limitation.

The trial court allowed interest to plaintiff from the date of the payment of the several assessments for which recovery is awarded in this action. This we consider to be erroneous. Interest should be allowed on the sum of the assessments paid only from November 19, 1914. The amount of interest allowed by the court is $92.52. The proper amount is $36.32. The judgment should be modified, therefore, by deducting the sum of $56.20, leaving the sum of $245.77 as the correct amount of recovery. As so modified the judgment stands affirmed.

*By the Court.*—It is so ordered, the appellant to recover costs in this court.