DOBELIN, Respondent, vs. LADIES OF THE MACCABEES OF THE WORLD, imp., Appellant.

*October 9, 1919—March 9, 1920.*

*Death: Presumption from absence: Not presumed that event occurred before end of seven-year period: Evidence as to survivorship.*

1. In a husband's action against a fraternal beneficiary society to recover a benefit payable on the death of his wife, the evidence for the husband is *held* insufficient to meet the burden resting upon him to establish the necessary fact that the death of a brother of the wife, one of the beneficiaries named in the certificate, occurred before her death.
2. Unless the facts and circumstances shown are such as to warrant a reasonable inference that death took place at some particular time within the seven-year period limited by the presumption of death from absence, death is not presumed before the end of the period.

KERWIN, SIEBECKER, and VINJE, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The defendant, as a fraternal beneficiary association, issued a benefit certificate November 24, 1905, on the life of one Rose Josephine Ball Dobelin, then the wife of the plaintiff, for the sum of $500, payable within three months after satisfactory proof of her death to her therein named beneficiaries, Bernhard Paul Hanson and Wilhelm Otto Hanson, her brothers, to be equally divided between them. On its face this certificate appears to have been issued in lieu of a former certificate of January 10, 1900.

There is no question raised but that the plaintiff was entitled to the insurance if satisfactory proof was made that prior to the death of the insured March 9, 1916, her two named beneficiaries were then dead.

There was no direct proof of the death of either of said beneficiaries. The court found in effect that from the continued absence of the two brothers unheard from for a period of seven years, the death of each of them would be presumed; and furthermore, that it would be presumed to have taken place before the death of the insured, and that the plaintiff was therefore entitled to the amount of the policy. From judgment so finding the defendant has appealed.

For the appellant there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

For the respondent there was a brief by *Gilbert & Ela* of Madison, and oral argument by *Emerson Ela.*

The following opinions were filed December 2, 1919:

ESCHWEILER, J. There is no question needing consideration in the disposal of this case other than whether the evidence was sufficient to warrant the conclusion of the trial court that the death of one of the brothers, Bernhard, took place prior to the death of the insured.

The testimony upon which such conclusion must rest, if it can be sustained, is in substance that these two brothers,

together with their sister, the deceased, and their mother, lived in the city of Madison until a few years prior to the marriage of plaintiff and deceased, which took place in 1903. The brothers and the mother moved to and lived in Watertown, South Dakota, and neither of the brothers had been in the city of Madison subsequent to such removal to South Dakota. The mother died in South Dakota, having remarried. Bernhard, while at Madison, worked in one of the hotels as bell-boy, and subsequently helped in a bar-room, and was not known to his family to have ever married. They were not in the habit of corresponding with their sister, and there would be intervals of years when she would receive no letter whatever from the brother, Bernhard, and apparently never from Wilhelm. Each could read and write. Their relations with the deceased and the plaintiff, their brother-in-law, were friendly. The latter had known the two brothers some ten or more years before his marriage.

After they left Madison the sister appears to have had a letter from Bernhard in 1906 to the effect that he had been "shanghaied" and taken to Russia and had traveled through other foreign lands. On June 27, 1911, the deceased received a telegram directed to her proper street and number in Madison reading as follows: "Must have fifty dollars before two days will repay in fifteen days telegraph," signed "Ben Wiber," and appearing to have been sent from Caliente, Nevada. (It appeared that Bernhard at times used the name Wiber instead of Hanson.) In response to such telegram the plaintiff on behalf of his wife sent the money. On the following day another telegram, directed as before, was received as follows: "Cannot identify myself have identification waived quick," signed "Ben Wiber." This was also done. No further communication whatever was received from Bernhard thereafter during the period that elapsed between such telegrams and the death of the insured, nor afterwards.

Dobelin v. Ladies of the Maccabees of the World, 171 Wis. 54.

Depositions on behalf of plaintiff at Watertown, South Dakota, and Caliente, Nevada, were taken in July, 1918, being a period of fully seven years subsequent to the date of such telegrams. The witness in South Dakota knew these two brothers, their mother, and step-father, that they all had lived at Watertown for a number of years, that he had never been able to get any trace of either of the brothers in the past seven years, and had not heard from either of them for from seven to ten years. He did not know whether they had any friends or acquaintances in or near Watertown who would have been apt to have heard from them if they were still living. The testimony of the witnesses at Caliente, Nevada, was to the effect that each had lived there at Caliente twelve years or more, that it was a town of about 700 inhabitants, and none of them had ever known or heard of anybody there by the name of Ben Wiber, Ben Hanson, or Bernhard Paul Hanson, and some of them testified that if such an individual had lived there such witnesses would have known of that fact.

While it is conceded that the evidence in this case would be sufficient to support a finding that these brothers were dead at the time of the trial of this action in 1918, more than seven years having elapsed since the receipt of Ben's telegrams of June, 1911, yet it is contended by appellant that the facts are not sufficient to warrant the further conclusion that the death of Ben occurred prior to the sister's death on March 9, 1916, at a particular time within the seven years, but only some four years and nine months after such telegrams.

Unless the facts and circumstances shown in any particular case are such as warrant a reasonable inference that death took place at some particular time within the seven years, death is not presumed before the end of the period. *White v. Brotherhood of Locomotive Firemen,* 165 Wis. 418, 422, 162 N. W. 441; *Fidelity M. L. Asso. v. Mettler,* 185 U. S. 308, 319, 22 Sup. Ct. 662.

The grounds upon which the trial court arrived at the conclusion that the death of Bernhard occurred before the death of Mrs. Dobelin do not appear in the record other than as embodied in the findings.

Respondent claims that the facts of this case showing a former friendly relationship between the brothers and the sister; the knowledge of her street address by Bernhard as evidenced by his telegrams; the natural feeling of affection between them; the fact that no repayment of the loan was ever made by Bernhard in compliance with his promise to do so within fifteen days after his telegram; that no subsequent effort was made by him to obtain additional loans, although his application was so promptly met at that time; that he was unknown at Caliente, Nevada; and that he was never heard of again at Watertown, South Dakota, where he last had a home,—warrant a finding that his death was within a reasonable time after the telegrams and the receipt of the $50 and therefore within the four years and nine months intervening before the death of the insured.

We however cannot assent to a conclusion from any one of the above suggestions made by respondent, the facts in the case, or from all of them together, that Bernhard died within a short time after June, 1911. He and his brother were wanderers, with but the slightest of home ties, and those more naturally decreasing rather than strengthening as time went on. The failure of one so situated to keep his promise to repay the loan so easily obtained by him in response to his telegrams is certainly as fully as consistent with a theory of continued life, coupled with disability or disinclination to repay, as with an inference that such obligation of repayment had been abrogated by speedy death.

Under all the facts and circumstances we are reluctantly compelled to hold that the plaintiff did not meet the burden resting upon him to establish that the death of Bernhard occurred before the death of the insured, and it follows therefrom that the judgment must be reversed.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.

KERWIN, J. (*dissenting*).   I. cannot concur in the decision of this case.   The absence of the two brothers of Mrs. Dobelin for seven years without tidings raises a presumption of death.

The only question remaining is whether Bernhard died before Mrs. Dobelin.   The facts and circumstances shown by the evidence are in my opinion sufficient to warrant the court below in drawing the inference that Bernhard died before Mrs. Dobelin.   *Miller v. Woodmen of the World,* 140 Wis. 505, 122 N. W. 1126; *Page v. Modern Woodmen of America,* 162 Wis. 259, 156 N. W. 137; *Whiteley v. Equitable L. Assur. Soc.* 72 Wis. 170, 39 N. W. 369.

I am authorized to say that Mr. Justice SIEBECKER and Mr. Justice VINJE concur in this dissent.

A motion for a rehearing was denied, without costs, on March 9, 1920.