[No. 21746. Department Two. May 2, 1929.]

ANNA WARE, *Respondent*, v. GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN, *Appellant*.[1]

[1]Reported in 277 Pac. 383.

*Tom J. McGrath, C. H. Steffen,* and *Andrew J. Balliet,* for appellant.

*Arthur M. Harris,* for respondent.

FRENCH, J.—The facts in this case are not in dispute, having been to some extent stipulated, and no evidence having been introduced to contradict plaintiff's witnesses.

Robert Ware was insured by appellant in June, 1916. Some time thereafter, he went to California for the benefit of his health, and was last heard from in 1919. The testimony conclusively shows that, prior to leaving for California, he had, at all times, made his home with his mother, the respondent, at Auburn, Washington; that he was a dutiful son; that, until the last time he was heard from, he regularly sent to his mother the money for the premiums and assessments due on his certificate sued on herein; that thereafter the premiums and assessments were promptly paid until the time of the commencement of this action; that, for many years, a search has been made for the assured by advertising in the newspapers, by radio appeals, by inquiries at various post offices, by advertising through the official publication of appellant, and that the aid and assistance of the peace officers of King county had been enlisted and that the sheriff had conducted an extensive search. More than seven years having elapsed since Robert Ware disappeared, this action was commenced to recover on the policy of insurance, resting on the presumption of death doctrine

arising by reason of lapse of time. From a judgment in favor of the beneficiary, this appeal is taken.

Appellant's theory of the case seems to be that the laws of the state of Ohio and the decisions of the supreme court of that state are binding upon this court under the theory of comity, the state of Ohio being the place where the main offices of the appellant are located. One of the by-laws of the appellant provides:

"Such beneficiary certificates shall be in all respects deemed to be made under, and to be interpreted and construed in accordance with the laws of the state in which the Grand Lodge has its headquarters."

But no decisions of the supreme court of the state of Ohio were pleaded or proved, construing the statutes of that state, and the courts of this state will not take judicial notice of the judicial decisions of other states. 23 C. J., p. 131, § 1949.

It is also admitted in the pleadings that the appellant is an association which would come within the Washington fraternal insurance company acts, Rem. Comp. Stat., §§ 7259 *et seq.,* and it is specifically admitted that appellant has not complied with the insurance laws of this state. The rule seems to be that, where a fraternal insurance society has failed to conform to the insurance laws of the state in which it is being sued, it is subject to the application of the general insurance laws, and cannot receive the benefit of the liberal laws and rules of construction pertaining generally to policies of insurance issued by fraternal benefit societies. *Gruwell v. National Council of Knights & Ladies of Security,* 126 Mo. App. 496, 104 S. W. 884; *Easter v. Brotherhood of American Yeomen,* 172 Mo. App. 292, 157 S. W. 992.

Appellant also relies on the by-laws providing that,

"No liability arising from the disappearance or the presumption of death of a member arising from any such disappearance, shall be incurred by the Brotherhood. Said Brotherhood shall only be liable for the payment of a death claim when there is positive proof of the actual death of a beneficiary member as previously provided in this section."

There seems to be some conflict of authority as to the validity or nonvalidity of such a by-law, but we think the great weight of authority is that such a by-law is an unreasonable one. The rule is well stated as follows:

"The authorities from our sister states are not in harmony as to the validity or nonvalidity of said by-law and similar by-laws, but we think those which are better considered hold that said by-law runs counter to the rule of evidence (which is neither more nor less than a rule of public policy), establishing that seven years' unheard-from absence of insured as the time when suit may be brought is the better rule." *Cobble v. Royal Neighbors of America,* 291 Mo. 125, 236 S. W. 306.

See, also, *Samberg v. Knights of the Modern Maccabees,* 158 Mich. 568, 123 N. W. 25; *Olson v. Modern Woodmen of America,* 182 Iowa 1018, 164 N. W. 346.

The testimony in this case conclusively shows that not only the local lodge, but the grand lodge, had, for many years, actual knowledge of the fact that Robert Ware had disappeared, and, with full knowledge of this fact, had accepted payments of premium. Having full knowledge of the existing condition, and accepting and enforcing the payment of premiums, it can not thereafter deny liability because of the existence of such condition. *Kentucky Live Stock Ins. Co. v. Stout,* 175 Ky. 343, 194 S. W. 318; *Trotter v. Grand Lodge of Iowa Legion of Honor,* 132 Iowa 513, 109 N. W. 1099; *Grand Fraternity v. Mulkey,* 62 Tex. Civ.

App. 147, 130 S. W. 242; *De Bolt v. German American Ins. Co.*, 181 Iowa 671, 165 N. W. 55.

■ "It seems to be well settled that the presumption of death attaches when a party has been absent for seven years without tidings of his existence." *Butler v. Supreme Court of Foresters*, 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293.

Judgment affirmed.

MITCHELL, C. J., MILLARD, PARKER, and BEALS, JJ., concur.

[1]Reported in 277 Pac. 385.