[No. 22423. Department One. July 29, 1930.]

BRIDGET E. SHAW, *Respondent*, v. PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, *Appellant*.[1]

S. A. Keenan, for appellant.
John F. Dore, for respondent.

TOLMAN, J.—We have here an action based upon two life insurance policies seeking recovery on behalf of the beneficiary because of the presumption of the death of the insured, arising from seven years' unexplained absence. The case was tried to a jury, resulting in a verdict in favor of the defendant. A motion for a new trial was interposed, and the trial court, concluding that the jury had been erroneously instructed, set aside the verdict and granted a new trial. The defendant has appealed.

The order granting a new trial is based upon the specific ground that a certain part of a certain instruction was erroneous, and therefore we have here but one clear-cut question to decide. The whole of the

[1]Reported in 290 Pac. 694.

instruction which was, in part, held to be erroneous, we quote, italicizing that portion to which we will devote our attention:

"If you find from the preponderance, that is, from the greater weight, of the evidence in this case, that Shaw left his residence and home and has been continuously absent therefrom for a period of over seven years, without any intelligence being received of his whereabouts by the members of his family, relations, neighbors and acquaintances, within said period or at any time thereafter, then such continued absence, together with such lack of intelligence, raises the presumption of death of the said Shaw, and the jury on such proof have a right to presume his death, unless such presumptions have been overcome by the establishment of facts by the defendant which rebut and lead you to believe in the improbability of his death.

"But where a husband and father, by reason of immoral character or mistreatment of his wife, on any ground, to such an extent that there is an estrangement between husband and wife and family, and where he is charged with a crime and expects to be indicted or arrested therefor, leaves his home, or where the circumstances show he has ample and sufficient reason for leaving his family and disappearing from and not communicating with them, and remains away for seven years, without communicating with his family or former associates, *the presumption of death referred to in the preceding paragraph does not obtain. Such a person may, in fact, be dead, but where the circumstances are such as herein outlined, death is not presumed without proof of actual death.*"

Concededly, the first paragraph of the instruction correctly states the law, and the vice of the second paragraph lies in that, instead of advising the jury that all such facts and circumstances as are therein referred to are to be considered and weighed against the presumption arising from the otherwise unexplained absence, it, in plain and unmistakable language, told the jury that, such facts or any of them being

shown, the presumption of death at once disappeared and nothing less than proof of actual death would suffice.

The presumption of death arising from seven years' unexplained absence is always rebuttable. In some states, where the matter is regulated by statute, it has been held that only proof that the absentee is still alive will be sufficient to overcome the presumption, but where the common law prevails upon the subject, as it does in this state, the rule seems to be practically universal that such facts as are mentioned in the quoted instruction may be taken into consideration by the trier of the fact, and from all such facts it must be determined whether or not the presumption of death has been overcome. *Butler v. Supreme Court of Foresters,* 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293; *Peterson v. Northwestern Mutual Life Ins. Co.,* 134 Wash. 172, 235 Pac. 15.

In other words, and more accurately speaking, such evidence is an attack upon the very foundation upon which the presumption rests, rather than upon the presumption itself. If the evidence be sufficient to explain the absence to the satisfaction of the jury, then the absence is no longer unexplained and the presumption no longer obtains, because its fundamental basis has been removed. But in all cases of this kind, the question is necessarily for the jury, because the facts and circumstances are of such a nature as to call for the drawing of inferences; and one might draw the inference that the absentee, for sufficient reason, absented himself and willfully refused to communicate with his family, friends and associates, while another might conclude that the circumstances shown were insufficient to account for so long an absence and abstinence from communication with family and friends,

and that death alone would fairly account for the absence.

We conclude that the trial court was right in granting a new trial, and the judgment appealed from is therefore affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.