DELANEY, Administratrix, Respondent, vs. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*October 9—November 6, 1934.*

For the appellant there was a brief by *Bloodgood, Stebbins & Bloodgood,* attorneys, and *Albert K. Stebbins* and *G. Kenneth Crowell* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondent there was a brief by *Corrigan, Backus, Ruppa, Bortin & Backus,* attorneys, and *A. C. Backus, Jr.,* and *Walter A. Backus* of counsel, all of Milwaukee, and oral argument by *Walter A. Backus* and *A. C. Backus, Jr.*

WICKHEM, J. The plaintiff and Noah Delaney were married at Houston, Texas, in 1918. After living for short periods in Kansas City, Missouri, and Sioux City, Iowa, they came to Milwaukee in December, 1922. The insured was a butcher by trade and was employed by the Plankinton Packing Company. At the time of his disappearance he was earning $35 a week. His wife conducted a rooming house at their residence. The testimony warrants the conclusion that plaintiff and her husband had always lived together in peace and tranquillity; that they had not quarreled, and that her husband was a man of regular habits. He was a steady worker and brought his pay check home at the end of each week. He was earning more than he had ever earned before, and had had continuous employment for a period of nearly two years. Insured spent his evenings in the company of his wife. He did not drink. Plaintiff and her husband were members of a church, which they attended together twice a week. On the occasion of his disappearance the husband left at his usual time, and, as the wife supposed, was bound for his work. He kissed his wife good-bye, left, and never returned. The wife inquired of a fellow worker as to whether he was at work that day, and was informed that he had not been. A week after this plaintiff wrote to her husband's mother, making inquiry, and a little later wrote to his sister. She received no answer to these letters. Plaintiff did not appeal to the police department and made no further investigation. At the suggestion of the insurance agent plaintiff kept up the premiums on the policies throughout the seven-year period.

The first contention of the defendant is that the evidence is insufficient to establish the insured's death at the time of the commencement of this action. A careful analysis of the Wisconsin cases dealing with the presumption of death after seven years has been made by defendant, but it is deemed

unnecessary at this time to engage in an elaborate discussion upon this point. The whole subject was completely reconsidered and reviewed in *Egger v. Northwestern Mut. Life Ins. Co.* 203 Wis. 329, 234 N. W. 328, and we adhere to the determination in that case. There is consequently only one matter that calls for any consideration in connection with this contention, and this because it was not dealt with in the *Egger Case.* The rule in Wisconsin as set forth in *Ewing v. Metropolitan Life Ins. Co.* 191 Wis. 299, 210 N. W. 819, is that a showing of diligent search is unnecessary as a condition precedent to the presumption of death after seven years. This case adhered to the rule theretofore laid down in *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 122 N. W. 1126, and *Page v. Modern Woodmen of America,* 162 Wis. 259, 156 N. W. 137. We see no reason for departing from this rule. Much of the difficulty which attends the application of the presumption of death after seven years under the circumstances prescribed, arises from the fact that while in some of its aspects the rule is one of policy, it has for a basis a genuine inference of fact. For example, the selection of seven years is arbitrary, at least to the extent that it establishes a minimum of proof. On the other hand, the fact that this presumption depends upon the circumstances of the case, and that, if a person disappearing has no one with whom he would be likely to communicate, or that if he leaves under circumstances which preclude any likelihood of his communicating or returning, the presumption of death is rebutted or may never attach, discloses that the presumption involves a genuine inference of fact. The absence of diligent search does not impair the inference, although its presence may strengthen it. If the obligation to institute a diligent search were required, it could only be upon some ground of policy. We see no reason to attach such a condition to the presumption. It is concluded that there is no merit in the first contention of the defendant.

The next question is whether the evidence is sufficient to establish insured's death at the date of his disappearance. This is important because plaintiff continued to pay premiums during the seven-year period, and affects plaintiff's right to recover these premiums in addition to the face value of the policies, as well as her right to interest. The presumption of death after seven years, under the circumstances heretofore reviewed, is limited to establishing the fact of death from and after the end of the seven-year period, and does not operate to prove that death occurred at any particular time within the seven-year period. *White v. Brotherhood of Locomotive Firemen,* 165 Wis. 418, 162 N. W. 441. This being true, the party having the burden of proving death at any particular time must sustain that burden by evidence. In this case the evidence must be such as to warrant the inference that deceased died on the date of his disappearance. Plaintiff relies upon the following circumstances to make a jury question upon this issue: The fact that insured and his wife had always lived together in domestic tranquillity; the fact that he was a steady worker and had a good position; that he had a daily routine; that he had religious affiliations and attended church regularly with his wife; that his daily routine was nearly invariable and included appearance for work at certain definite hours, and the return to his home at the end of his work. Insured was not a wanderer, but a man who spent his leisure hours at home with his wife. There were no quarrels or other crises in his affairs to explain the sudden disappearance. On the morning of the disappearance he prepared for work at the usual hour, kissed his wife, and left at the usual time. From that time the story is a blank. He failed to arrive at work, and he never returned home. He has never since been seen or heard from.

It seems to us that in view of the fixed character of insured's habits and daily routine, as well as the absence of any motive for disappearance or absconding, the sudden and com-

plete break in this routine will reasonably support the inference that he died upon the date of his disappearance, unless two considerations, hereafter to be discussed, compel a different conclusion.

The first is the unlikelihood that insured, in the relatively short distance between his home and his place of work, could have come to his death without the fact being discovered and intelligence concerning it reaching his wife. This is urged as especially unlikely in view of his residence in a large city, with excellent police facilities. While this factor might well have been considered by a jury to weaken the inference, we consider that it merely affects the strength of the inference, and does not, as a matter of law, render speculative the conclusion that death occurred on this day.

The other contention is that the court should apply the so-called "specific peril" doctrine. In *Davie v. Briggs,* 97 U. S. 628, 634, it was said:

"If it appears in evidence that the absent person, within the seven years, encountered some specific peril, or within that period came within the range of some impending or immediate danger, which might reasonably be expected to destroy life, the court or jury may infer that life ceased before the expiration of the seven years."

The requirement that exposure of the person alleged to have died at a particular time within the seven-year period to some specific peril that would account for his death at such time has been frequently made. However, this view was expressly repudiated in several cases. *Fidelity Mut. Life Asso. v. Mettler,* 185 U. S. 308, 22 Sup. Ct. 662; *Tisdale v. Connecticut Mutual Life Ins. Co.* 26 Iowa, 170; *Sovereign Camp v. Robinson* (Tex. Civ. App.), 187 S. W. 215; *Lesser v. New York Life Ins. Co.* 53 Cal. App. 236, 200 Pac. 22. The difficulty with the doctrine is that it seeks to impose arbitrary requirements upon a natural inference of fact. It has never been adopted in Wisconsin. See *White v. Brother-*

*hood of Locomotive Firemen, supra; Dobelin v. Ladies of Maccabees of the World,* 171 Wis. 54, 174 N. W. 879. The latter case is relied upon by defendant as conclusive upon this appeal. There this court reversed a finding that death occurred within a short time of the last intelligence concerning an insured, upon the ground that the record did not support the inference. It was pointed out in that case, however, that the insured was a wanderer "with but the slightest of home ties, and those more naturally decreasing rather than strengthening as time went on. The distinction between the facts of the *Dobelin Case* and those involved upon this appeal calls for no extended comment. The facts in this case are more probative of death upon the date of disappearance than were the facts held sufficient to support the inference in the *White Case, supra.*

*By the Court.*—Judgment affirmed.