[No. 25841. Department Two. December 19, 1935.]

LILLIE V. HARRIS, as *Administratrix, Respondent,* v. SECURITY BENEFIT ASSOCIATION, *Appellant.*[1]

[1]Reported in 52 P. (2d) 329.

*Q. A. Kaune* and *A. W. Fulton,* for appellant.
*Warren Hardy,* for respondent.

BEALS, J.—The plaintiff in this action, Lillie V. Harris, as administratrix of the estate of Amanda P. Smith, deceased, sued Security Benefit Association, a fraternal society which was authorized to write certain forms of insurance for its members, upon a policy whereby defendant agreed to pay to plaintiff's intestate, Amanda P. Smith, two thousand dollars, upon the death of Mrs. Smith's son, Raymond P. Brown.

It appears that, during the month of October, 1911, Brown (who was also known as Ray Smith, he sometimes using his stepfather's name) applied to defendant for a policy of insurance, which he received the following month, he being at that time twenty years of age. Brown was an irresponsible lad of weak mentality, who generally lived with his mother and stepfather at their home in the city of Everett. He did occasional odd jobs, but was evidently not capable of filling any position which required steady attention or application or any degree of reliability. Mrs.

Smith, up to the time of her death, paid all the premiums due on the policy; plaintiff, as administratrix, having continued the payments up to and including the month of January, 1933.

Brown on several occasions left his mother's home and remained absent for considerable periods of time. While away, however, he generally corresponded with his mother and with other relatives. During the month of December, 1917, he was away from home, and on the seventeenth of that month he mailed to his mother a postcard, dated at Newport News, Virginia, stating that he had been sick at the Buxton Hospital, in that city; that she should write him in care of the hospital; that he was improving in health; and that she should not worry. Plaintiff, claiming that this was the last word ever received from Brown, during the month of February, 1933, demanded of defendant that it pay the two thousand dollars due under the benefit certificate upon Brown's death, and, payment being refused September 6, 1933, instituted this action.

The action was tried to a jury, which returned a verdict in plaintiff's favor for the face value of the certificate and for all of the premiums paid subsequent to December, 1917, together with interest both on the principal sum and the premiums. Judgment was entered upon the verdict for the two thousand dollars, less certain deductions, together with interest from September 6, 1933 (the date of the rejection of plaintiff's claim by defendant), and for the assessments paid by way of premiums subsequent to December, 1917.

From this judgment, defendant has appealed, contending that the trial court erred in overruling its demurrer to the complaint and in sustaining demurrers interposed by plaintiff to each of several affirmative defenses set forth in its answer. Error is also as-

signed upon the overruling of defendant's motion for judgment in its favor as matter of law, upon the entry of judgment in plaintiff's favor, and upon the refusal of the trial court to reduce the judgment by the amount of assessments paid subsequent to December 17, 1917, in the sum of $430.10.

Appellant contends, in the first place, that the action cannot be maintained for the reason that there is no direct proof of the death of the insured, and that, by the by-laws of appellant, which, it is contended, operate upon the policy with which we are here concerned, it is provided that disappearance or long continued absence of a member shall not be considered as evidence of death nor afford ground for any suit to recover upon the benefit certificate, until the full term of the member's life expectancy has expired; it having been agreed on the trial that Brown's life expectancy will not be reached for some years yet to come. Appellant also contends that the complaint fails to state a cause of action; that the action was not commenced within the time limited by law; that the judgment is excessive; and that, under the evidence in the cause, no judgment in plaintiff's favor should have been entered.

Within a year after the issuance of the certificate with which we are here concerned, appellant regularly adopted a by-law which provided that the disappearance or long continued absence of a member should not be regarded as evidence of death, or afford a basis for any action upon a benefit certificate, until the full term of the member's life expectancy had expired. When Brown joined the order, he agreed to be bound by the by-laws in force at that time and also by those which should be thereafter regularly adopted. It is conceded that the by-law now under discussion was regularly adopted, and that the same

has been in force at all times thereafter; it being also agreed that the insured's life expectancy has not yet been reached.

Appellant concedes that the by-law upon which it relies is substantially the same as that which this court held void in the case of *Fordyce v. Modern Woodmen of America*, 129 Wash. 364, 225 Pac. 434; and that a very similar by-law was held void in the later case of *Ware v. Grand Lodge Brotherhood*, 152 Wash. 78, 277 Pac. 383. Appellant argues that these cases should not be followed, and that the rule laid down by the supreme court of Illinois, in the case of *Steen v. Modern Woodmen of America*, 296 Ill. 104, 129 N. E. 546, 17 A. L. R. 406, is the better rule, and should now be adopted.

Were the question an open one in this state, appellant's argument and the authorities upon which it relies would be entitled to careful consideration, but in the cases cited this court has laid down a different rule, and we are not disposed to depart therefrom. We expressly refused to adopt the principle approved by the Illinois court, the case from that jurisdiction upon which appellant now relies having been considered in the *Fordyce* case. Upon the authority of the case of *Fordyce v. Modern Woodmen of America, supra*, we hold that the by-law upon which appellant relies is, as against respondent, ineffective, and that respondent's rights under the benefit certificate are not affected thereby.

Appellant vigorously contends that the action was not commenced within the time limited by law, and that its demurrer to the complaint based upon the statute of limitations should have been sustained, and that respondent's demurrer to its affirmative defense pleading the statute should have been overruled. Appellant in its answer pleaded the six-year statute

of limitations of this state, and contends that the action is barred by that law. In the case of *Fordyce v. Modern Woodmen of America, supra,* the defendant relied upon the same statute of limitations as was pleaded in the case at bar. Considering this phase of the case, this court said:

"As to the statute of limitations, it was obviously in suspense while the period of seven years was running, although, when the issue was presented, the trier of the facts could find upon substantial evidence that death occurred at or about the commencement of the period of presumption."

In the case of *White v. Brotherhood of Locomotive Firemen,* 165 Wis. 418, 162 N. W. 441, the supreme court of Wisconsin affirmed a judgment in favor of the beneficiary named in a fraternal policy, the facts being very similar to those here presented. In the case cited, the defendant argued that either the six- or ten-year statute of limitation applied, the court holding that the defendant's contention was not well founded. Appellant argues that the Wisconsin court so held because the society which had issued the policy accepted payments thereon, but that phase of the case was discussed in connection with another portion of the opinion. Following the *Fordyce* case, we hold that the statute of limitations did not begin to run upon the certificate until appellant definitely repudiated liability thereunder.

Appellant vigorously contends that respondent is entitled to no relief upon the facts disclosed by the evidence. It clearly appears that the insured was a rather irresponsible young man, and that, on three different occasions, he was confined in state institutions provided for the mentally deficient. The jury, however, might have found from the evidence that he was greatly attached to his mother and several of her

sisters, to whom he wrote frequently during his absences from home. Many letters and postcards which he wrote are in the record, strongly indicating his attachment to his mother and to some extent his continued reliance and dependence upon her. It nowhere appears that the slightest reason existed for Brown's failure to communicate with his mother after December, 1917. It is evident that the greatest affection always existed between mother and son, together with a real dependence by the son upon his mother, he knowing from experience that she would always come to his aid in time of need. It is most unlikely that, if Brown had become involved in difficulties, he would even have hesitated before advising his mother. The jury was entitled to consider this situation, together with all facts and circumstances disclosed by the record.

Appellant admits that the sudden and unexplained disappearance of a responsible citizen raises a presumption that he has suffered some ill fate, but earnestly contends that the same rule does not apply to an irresponsible young man of Brown's character. It was proper to present this argument to the jury, but, on the other hand, they may have believed that Brown's very irresponsibility and general helplessness, coupled with the fact that his mother had always helped him out when he was in trouble, made his failure to communicate with her or any member of his family all the more remarkable.

The record contains evidence indicating that Brown suffered from delusions of persecution, and that he had sometimes manifested suicidal tendencies. Respondent was not required to show that, at or about the time of his disappearance, he was exposed to any particular peril. It may be noted, however, that, at

the time of his disappearance, the country was at war and conditions were abnormal.

Under such circumstances as these, it has been held that there is no presumption as to the time of death during the seven-year period, that being a question of fact to be determined by the jury under the evidence. *Butler v. Supreme Court of I. O. F.,* 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293; *Shaw v. Prudential Ins. Co.,* 158 Wash. 43, 290 Pac. 694.

In the recent case of *Ireland v. Metropolitian Life Ins. Co.,* 184 Wash. 1, 49 P. (2d) 469, it was held that the record contained no evidence which justified the jury in drawing the inference that the insured had made away with himself while protected by the policy which was there sued upon. In the case cited, the evidence indicated a running away from matrimonial and financial obligations, rather than death. In the case at bar, we are of the opinion that the evidence made a case upon which the jury could find that Brown came to his death at or shortly after the time he ceased to communicate with his family. We cannot hold that the jury's verdict is not supported by substantial evidence.

Finally, appellant contends that the judgment is erroneous in so far as it includes a recovery for the assessments paid subsequent to December, 1917. A judgment for the recovery of a similar item was by this court affirmed in the case of *Fordyce v. Modern Woodmen of America, supra,* and is supported by the cases of *White v. Brotherhood etc., supra,* and *Delaney v. Metropolitan Life Ins. Co.,* 216 Wis. 265, 257 N. W. 140.

Assuming in the case at bar that appellant's officers did not advise that the assessments be paid subsequent to Brown's disappearance, and that they were, under the law, bound to accept such payments when ten-

dered, the authorities cited nevertheless tend to support a recovery based upon payment of such assessments. Appellant cites no authority to the contrary, and we will follow the rule laid down in the *Fordyce* case.

Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, BLAKE, MAIN, and HOLCOMB, JJ., concur.

