KIETZMANN, Respondent, vs. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant.*

*February 17—March 14, 1944.*

* Motion for rehearing denied, with $25 costs, on May 4, 1944.

For the appellant the cause was submitted on the brief of *Norman L. Baker,* assistant counsel, and *Sam T. Swansen* of counsel, both of Milwaukee.

For the respondent there was a brief by *George J. Graebner* and *Stewart G. Honeck,* both of Milwaukee, and oral argument by *Mr. Honeck.*

WICKHEM, J. Two questions were litigated in this action: (1) Whether insured is dead. The determination of this question involved application of the presumption of death after seven years' absence under the conditions required by that presumption; (2) the time of insured's death. In order for the policy to have any value insured must have died prior to April 29, 1933. Upon this issue, the sole question is whether the evidence supports the jury's finding that insured died prior to April 29, 1933, since the above presumption does not operate to establish *prima facie* the time of death within the seven-year period. *Delaney v. Metropolitan Life Ins. Co.* 216 Wis. 265, 257 N. W. 140.

On February 11, 1933, William F. Kietzmann, insured, then about forty-five years of age, disappeared. He was a plumber and since 1929 had been in business for himself. At the time of his disappearance he had a wife and two children,

then twelve and ten, respectively. At about 7 o'clock in the morning of February 11th the insured left home. At about 8 o'clock he telephoned his attorney requesting postponement of a hearing in county court upon an order to show cause why distribution of a certain estate of which he was executor should not be made or, in the alternative, why he should not be discharged as an executor. It subsequently appeared that he was short in his account to the extent of $3,600 and his surety was obliged to make this good. He took no clothing with him other than what he wore. His wife testified that he had no bank account so far as she knew. Since 1930 insured had been drinking excessively but there is no evidence that he was intoxicated upon the date of his disappearance.

On two prior occasions insured had disappeared. In 1932, after a collision with a parked car, he left the car he had been driving at the place of the accident and went to a near-by lake for a week without any message to his family. When the insured was sixteen years of age he disappeared and was gone for three or four years without communicating with his family or other relatives. Neither plaintiff nor brothers of the insured inferred his death from his disappearance but made immediate and considerable efforts to find him. Plaintiff went to the police and ultimately took out an abandonment warrant for his arrest. She accounted for this by stating that the police would not pay much attention to his disappearance until she had the warrant issued. There was denial of this by officers. Rumors came in for a while that insured had been seen in various places but investigation of these reports were fruitless and no intelligence concerning insured was received thereafter. Some evidence was offered for the purpose of showing that insured was not in good health at the time he left home. The adjudication officer of the Veterans' Administration located at Wood, Wisconsin, read into the record information concerning his physical condition from the records of the administration. Upon a hypothetical question includ-

ing this evidence a medical expert gave as his opinion that insured suffered from hyperthyroidism and that this could be a cause of death as early as February 11, 1933.

Plaintiff's testimony was that insured had been a good father and had never mistreated his family, although he appears to have supported them meagerly. There was evidence that Kietzmann had a balance due upon his veteran's service certificate and that he had never applied for this balance. There was also evidence, however, that he had obtained a loan upon this certificate.

Two principal contentions are made by defendant. The first is that the trial court gave erroneous instructions in respect of the presumption of death after an unexplained absence of seven years. The second is that the evidence does not sustain the jury's finding as to the time of insured's death. In view of our conclusion concerning the second contention, it will not be necessary to consider the first. We are of the view that the evidence does not sustain the jury's finding that deceased died between February 11 and April 29, 1933. For the purposes of discussing this contention, it will be assumed that the fact of death at the end of seven years was sufficiently established and that the instructions were correct. The rule is well established in Wisconsin that while there is a presumption of death from the fact of an absence of seven years unexplained, there is no presumption as to when during the seven-year period the subject of inquiry actually died. This must be established. In *Delaney v. Metropolitan Life Ins. Co., supra,* where a person of absolutely regular habits, a regular church member, a steady worker, and a devoted husband left home for work and was never thereafter heard from, the jury was permitted to find that he died on the day of his disappearance, in spite of the fact that his disappearance was in a large city with excellent facilities for discovering accidents and that there had been on that day no catastrophe or specific peril of which he might have been the victim. In

*Dobelin v. Ladies of the Maccabees of the World,* 171 Wis. 54, 174 N. W. 897, it was held that where the person alleged to be deceased was something of a wanderer, had no fixed habits or regular routine and was in the habit of disappearing and not communicating with his relatives for considerable periods, the jury could only speculate as to the time of his death in its relation to any one of his disappearances.

This case is not sufficiently different from the *Dobelin Case, supra,* to warrant a different conclusion. The insured here was a heavy drinker. There is no evidence of an established routine so inconsistent with failure to return or communicate daily or frequently as to lead to an inference of death by reason of his failure to do so. On two prior occasions the insured had disappeared without communicating with his family. One of these was after he was married and extended for a week and the other was before his marriage and extended for several years. It turned out that he was a defaulter on his accounts as executor. On the morning of his disappearance he was due to appear in county court under circumstances which would lead him to believe that his defalcation had been or shortly would be discovered. While no legal action had been taken or threatened at the time the whole situation offered a motive for at least a temporary disappearance until matters could be settled. The evidence concerning the state of his health is extremely weak and raises only the vaguest sort of possibility that his health could have caused a fatal illness within the time material to the plaintiff's recovery. It is, of course, possible, as indicated in *Egger v. Northwestern Mut. Life Ins. Co.* 203 Wis. 329, 234 N. W. 328, for a jury to reject these factors as explaining or accounting for a disappearance extending for the full seven years and to conclude in spite of them that insured was dead after seven years. We conclude, however, that there is no evidence upon which the jury by any process other than guess or speculation could conclude that insured's death occurred within the period from

February 11 to April 29, 1933. Any other conclusion would virtually result in a presumption that death in such cases occurs at the beginning of the period and this doctrine has been firmly repudiated in Wisconsin. This conclusion requires a reversal.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.

The following memorandum was filed May 4, 1944:

WICKHEM, J. (*on motion for rehearing*). The motion for rehearing is principally grounded upon a misstatement of facts in the original opinion. In the original opinion the statement was made: "In order for the policy to have any value insured must have died prior to April 29, 1933." The court was in error in this statement. The policy reserve would be exhausted in July, 1937, except for a small balance that would keep the value of the policy $1,649 in force until March 2, 1938, at which time the policy would be out of force and of no value.

It is suggested in respondent's brief upon rehearing that this misunderstanding of fact may have had a material influence upon the court's determination. This is not true. Whatever the reason, the case was fully tried and submitted to the jury upon the issue whether the insured died between the dates of February 11, 1933, and April 29th of the same year. The principal question argued in this court upon appeal is whether the finding of the jury to the effect that death occurred between the above dates was supported by the evidence. This court held that it was not, thus addressing itself to the only question as to sufficiency of evidence raised by either party upon this appeal. We shall pass the question whether under the doctrine of cases like *Kuchenreuther v. Chicago, M., St. P. & P. R. Co.* 225 Wis. 613, 275 N. W. 457, plaintiff has not precluded herself from now raising the question whether de-

ceased died at some later date within the seven-year period for the reason that we discover nothing in the record that by any process other than speculation and guess would warrant a finding that insured died on any particular date during the seven years following his disappearance. This is fatal to plaintiff's contention.

*By the Court.*—Motion for rehearing denied, with $25 costs.