Marie Ann **SULKIE**, Appellant,

v.

**METROPOLITAN LIFE INSURANCE COMPANY**, a corporation, Appellee.

No. 8892.

District of Columbia Court of Appeals.

Submitted March 27, 1975.

Decided April 29, 1975.

John B. Cullen, Washington D.C., was on the brief for appellant.

Reid C. Tait, Washington D.C., was on the brief for appellee.

Before NEBEKER and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

NEBEKER, Associate Judge:

Appellant filed suit in Superior Court asking the court to declare her son-in-law, one Mark Burrell-Gwydyr, legally dead because of his absence for more than seven (7) years. Appellant was the beneficiary of a life insurance policy on Burrell-Gwydyr's life, and sought a $20,000 judgment (the amount of the policy) against Metropolitan Life Insurance Company. Appellant offered no direct evidence of the death of the insured but relied solely on the presumption of death created by D.C. Code 1973, § 14–701. The trial court concluded that appellant had not carried her burden of proof and denied the relief. We affirm.

Section 14–701 of the D.C.Code provides:

If a person *leaves his domicile without a known intention of changing it,* and does not return or is not heard from for seven years from the time of his so leav-

ing, he shall be presumed to be dead in any case where his death is in question, unless proof is made that he was alive within that time. [Emphasis supplied.]

This particular statutory provision has been held to be but a declaration of the common law rule. Jemison v. Metropolitan Life Ins. Co., D.C.Mun.App., 32 A.2d 704 (1943). Evidence tending to show that the absentee had ample and sufficient reason for leaving his family and disappearing from and not communicating with them may indicate that his absence was not unexplained. *See* Shaw v. Prudential Ins. Co. of America, 158 Wash. 43, 290 P. 694, 695 (1930). *Cf.* Blew v. Richardson, 484 F.2d 889 (7th Cir. 1973). In the terminology of D.C.Code 1973, § 14–701, such evidence might indicate that a person did not leave his domicile "without a known intention of changing it".

We find that the evidence presented in the instant case compelled a judgment for appellee. Mrs. Sulkie testified that she was not under the impression that the insured was seeking employment locally when he departed from her home. He apparently took all his property with him in his automobile when he left. He and appellant's daughter had been divorced prior to his departure. The insured had drawn several checks on insufficient funds, prompting letters from his creditors requesting payment. Mrs. Sulkie testified that a representative of Naval Intelligence had arrived at the Sulkie home looking for the insured in connection with the simultaneous disappearance of the insured and a sum of money from the United States Marine Corps.

Since the above constituted strong evidence that the insured departed with the intention of changing his domicile, the trial court did not err when it granted judgment in favor of appellee.

Accordingly, the judgment in favor of appellee is

Affirmed.